### 36535. MURPHY v. THE STATE.
### 36536. WILCOX v. THE STATE.

JORDAN, Presiding Justice.

Donald Ray Todd Murphy and Johnny Lewis Wilcox were indicted for the murder of Jonathon G. Luker and for motor vehicle theft. Following a joint trial, both were found guilty and sentenced to life imprisonment for murder and three years consecutive for motor vehicle theft. They filed separate appeals and we affirm.

The evidence adduced at the trial shows that the two of them left Atlanta in Wilcox's car around 6:00 p.m. on January 5, 1980 for Lanett, Alabama. The purpose of the trip, according to Murphy, was to steal a truck. Shortly after midnight they stopped at the Sonic

restaurant in Lanett and spotted a truck there. Murphy asked the owner (the victim) if he would sell the truck, to which the victim replied that he would sell for $5200. Murphy and the victim got into the truck for a "test" drive along Interstate Highway 85, with Wilcox following them in his car. When they reached a spot in Troup County, Georgia, Murphy pulled the truck off the road, raised the hood and looked at the engine. When the deceased got out of the truck, Murphy told him that he was going to take the truck. Murphy claimed that the deceased pulled out a knife, at which time Murphy pulled his pistol and shot the deceased four times. Murphy stated that Wilcox then drove up and that the two of them carried the deceased, still breathing, into the weeds. They then returned to Atlanta, Murphy driving the truck and Wilcox driving his car. Upon arriving in Atlanta, Murphy and Wilcox stripped the truck, removing a bumper, a CB radio, a shotgun and other items. The victim was found dead early the next morning.

On January 16, 1980, Murphy was arrested in Atlanta while driving the deceased's truck. A jacket containing a .25 Colt automatic and cartridges was found in the truck. Murphy admitted that the jacket and gun belonged to him. Ballistic tests showed that the fatal bullets were fired from this gun. Murphy and Wilcox were arrested and returned to Troup County where both men made statements to the police. Following a Jackson-Denno hearing, the court concluded that the statements were freely and voluntarily made and that each was admissible into evidence. Murphy admitted that the purpose of his trip was to steal a truck and that he killed the deceased when he resisted the taking of his truck. Wilcox denied knowledge of Murphy's intent to steal a truck or that he participated in the theft or the murder.

### Case No. 36535

This is Murphy's appeal. His sole enumeration of error is that "The State failed to prove beyond a reasonable doubt that the defendant, Donald Ray Todd Murphy, had the requisite mental capacity to commit the crimes alleged herein."

Georgia Code Ann. § 26-702 provides that "A person shall not be found guilty of a crime, if at the time of the act, omission, or negligence constituting the crime, such person did not have the mental capacity to distinguish between right and wrong in relation to such act, omission, or negligence." See Clark v. State, 245 Ga. 629 (1) (266 SE2d 466) (1980).

Appellant contends that the evidence shows that he did not have the ability to distinguish between right and wrong. We disagree. While several members of the appellant's family testified to his odd

behavior and that he appeared not to know the difference between right and wrong, there was testimony to the contrary. Also, the exhaustive direct and cross examination of the appellant himself would support a finding that he either did not know the difference between right and wrong or that he simply had a callous and indifferent regard for the rights of others. In addition the record shows that the appellant was 21 years old, married, had successfully completed 11 or 12 years of high school, participated in sports, finishing second in the state in wrestling competition, and had served in the U. S. Marine Corps.

"Under the law of this state an individual's sanity is presumed." *Moses v. State,* 245 Ga. 180 (263 SE2d 916) (1980), citing *Longshore v. State,* 242 Ga. 689 (251 SE2d 280) (1978); and *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975). This presumption is not automatically dissipated by evidence to the contrary. The jury could believe or reject the testimony of witnesses on this subject and rely on the general presumption of sanity and thus determine that the appellant was not insane at the time the crimes were committed. We have carefully reviewed the evidence in full and come to the firm conclusion that a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

### Case No. 36536

1. This is the appeal of Johnny Lewis Wilcox. His first enumeration of error is based on the general grounds, contending that he was merely "an unwilling witness to the death of Jonathon Gerald Luker and the theft of his vehicle" and that "he just happened to be nearby, became aware of the incident, became frightened and fled the scene."

However, there was substantial evidence which would authorize a finding that the appellant was a party to the crimes in that he aided and abetted Murphy in both the murder and the theft of the vehicle.

The evidence showed that Wilcox and Murphy were good friends and spent time together; that Wilcox by his own admission took Murphy to "get" a car, leaving Atlanta late in the evening; that they were together at the restaurant when Murphy and the victim got into the truck; that he followed Murphy and the victim as they drove toward Atlanta; that after the shooting he stopped and assisted Murphy in carrying the still breathing victim into some bushes; that he gave Murphy ten dollars for gasoline for the victim's truck; that upon return to Atlanta he helped strip the truck of incriminating evidence; and that he kept the victim's driver's license.

This evidence would support a finding of malice on the part of

the appellant in that he aided and abetted Murphy by actions which contributed to Luker's death and the theft of his vehicle. Code Ann. § 26-801; see *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980). A rational trier of fact could have found that the appellant was guilty of murder and motor vehicle theft beyond a reasonable doubt, thus meeting the test in Jackson v. Virginia, supra. See also *Mathis v. State,* 242 Ga. 761 (1) (251 SE2d 305) (1978).

2. Appellant contends that harmful and prejudicial error occurred when the Court denied his motion for severance, claiming he would have had a better chance of acquittal had he been tried separately.

The grant or denial of a motion to sever is within the sound discretion of the trial court and the ruling thereon will not be disturbed unless there is an abuse of discretion. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975) and *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). In exercising this discretion there are three elements which the trial court should consider, i.e., whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses. *Jones v. State,* 243 Ga. 584 (255 SE2d 702) (1979). The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.

Applying this test to the facts of this case, we cannot say that there was an abuse of discretion so as to constitute reversible error. See *Tankersley v. State,* 155 Ga. App. — (Decided September 4, 1980).

3. Appellant next asserts error when the trial court allowed into evidence two written statements of his co-defendant Murphy. After a Jackson-Denno hearing, these statements were determined to have been voluntarily made and thus admissible into evidence. This ruling is not challenged but appellant contends that the confessions implicated him and should have been excluded under Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Reliance upon Bruton is misplaced in this case for the reason that appellant's co-defendant Murphy testified at the trial, hence was subject to cross-examination, thus eliminating the confrontation issue posed in Bruton. In addition, appellant made a statement which in many ways corroborated Murphy's statements and could be deemed interlocking to that extent. See *Baker v. State,* 238 Ga. 389 (233 SE2d 347) (1977) and *Cain v. State,* supra. This enumeration of

error is without merit.

4. Appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal in that the evidence was insufficient to make him a party to the crime of murder or motor vehicle theft. This enumeration is without merit. See Division One. The evidence does not demand a verdict of not guilty. See *Rolland v. State,* 235 Ga. 808, 812 (221 SE2d 582) (1976).

5. Appellant next contends that the trial court erred in not giving his written request to charge on criminal intent.

Looking at the charge as a whole, as we must, we find that the Court thoroughly charged on the presumption of innocence, reasonable doubt, aiding and abetting, accessory after the fact, and the usual charge on criminal intent, including this specific language: "I charge you in connection with both counts now ladies and gentlemen, I charge you that if you ladies and gentlemen of the jury should find that the assault on the alleged victim in this case was in no way caused by the defendant, Johnny Lewis Wilcox, and that he took no active part in it and if you further find that the defendant, Johnny Lewis Wilcox, did not intentionally aid and abet in the commission of these alleged crimes, did not intentionally advise, encourage or procure the commission of said alleged crimes or that the defendant, Johnny Lewis Wilcox, did not intentionally cause another to commit said alleged crimes, then it would be your sworn duty to return a verdict of not guilty as to that defendant."

We find no merit in this enumeration.

*Judgment affirmed in both cases. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED NOVEMBER 5, 1980.

*Zachry & Kirby, Alfred F. Zachry,* for appellant (Case No. 36535).

*Franklin H. Thornton,* for appellant (Case No. 36536).

*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Michael K. Johnson, Assistant Attorneys General,* for appellee.