## 74044. BENTON v. THE STATE.
(354 SE2d 195)

DEEN, Presiding Judge.

The appellant, Dwight Benton, was convicted of armed robbery and possession of a firearm during the commission of a felony. On appeal, he contends that (1) the trial court erred in giving any jury instruction whatsoever on flight, and (2) the particular jury charge given was impermissibly burden-shifting. *Held*:

1. There is no question that the evidence in this case authorized a jury instruction on flight. Benton contends, however, that the jury instruction on flight should be abolished, as recommended by three justices in *Cameron v. State*, 256 Ga. 218, 221 (345 SE2d 575) (1986). The majority of the Supreme Court, of course, preserved such an instruction. Thus, "[t]he path in this case has been plainly marked . . . The question has been settled. The Supreme Court has blazed the way. This court follows." *Minor v. City of Atlanta*, 7 Ga. App. 817, 820 (68 SE 314) (1910).

2. The instruction on flight in this case informed the jury that should it find flight to have occurred, it could then consider whether or not to draw an inference of guilt from that flight, but that the fact of flight was subject to explanation. Contrary to the appellant's contention, this jury instruction was not impermissibly burden-shifting, since it did not place any burden at all on the appellant to explain his actions to prove his innocence.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1987.

*Vernon S. Pitts, Jr., Drew R. DuBrin*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.