74942. OLDWINE v. THE STATE.
75186. HUMMONS v. THE STATE.
(360 SE2d 915)

BEASLEY, Judge.

A jury convicted Oldwine and Hummons of violation of the Georgia Controlled Substances Act by selling thirty-one pounds of marijuana, OCGA § 16-13-30 (j) (1). Each defendant appeals his conviction and sentence and Hummons also appeals the denial of his motion for new trial.

1. Both appellants claim that the evidence was insufficient as a matter of law to uphold the convictions so that the court should have directed verdicts of acquittal as to the sale.

The evidence construed so as to uphold the verdict, *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33) (1983), showed the following. Undercover agents of the Clayton County Narcotics Unit made two buys of marijuana, one pound and then two pounds, from Horne, who is Oldwine's brother, and one Avrett. Oldwine and Hummons were arrested along with Horne and Avrett after a third sale, this time thirty-one pounds of marijuana, several days later.

Avrett met with the agents at a service station to make the sale. He wanted the transaction to occur at his apartment approximately two miles away, but one of the agents convinced Avrett to return to the service station with the marijuana. Avrett left and returned to the station in his car with Horne and the marijuana. Once the agent was sure the drugs were present, the agent signaled for other officers and Avrett and Horne were arrested. Under surveillance during this time were Avrett's apartment and Horne's van, which had been used in the

two prior drug sales and was now parked outside the apartment. After Horne's and Avrett's arrest, the officers, with Avrett's consent and accompanied by Horne and Avrett, searched the apartment. There they found Hummons. No contraband was found on him or in the apartment.

They came upon Oldwine in the van, where he had been sleeping. A white plastic grocery bag containing one pound of marijuana was found in a box approximately two feet from Oldwine. Earlier that day, Oldwine, Horne, and Hummons tried to move Oldwine's and Horne's mother into an apartment but it was not ready for occupancy and they left the van filled with her furniture and belongings.

Prior to Hummons' and Oldwine's arrest the agents had no contact with Hummons or Oldwine and had no knowledge of them.

The state successfully contended at trial and now argues that Oldwine and Hummons were implicated as knowing participants in the sale of the thirty-one pounds of marijuana. OCGA § 16-2-20. The evidence relied upon is essentially certain statements made by Horne to an agent, inculpating Hummons and Oldwine. Horne said, in response to questions asked by the agent, that "the other people" rode with Horne in the van to get the marijuana and both Hummons and Oldwine were "involved in the drug deal." Earlier, at the time of Horne's arrest, he told the agent his brother was in the apartment in response to the inquiry as to who was there. The agent was of the impression that Hummons was the brother. The statements were admitted as substantive evidence of Oldwine's and Hummon's guilt. In testimony, Horne denied making them, so they are characterized as prior inconsistent statements. The state further contends the statements as testified to by the agent were independently corroborated by other evidence, to the effect that the thirty-one pounds of marijuana had a strong odor. The inference is that Oldwine and Hummons would have been aware of it when they rode in the van.

It is true that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence [of the guilt of the accused, a third party], and is not limited in value only to impeachment purposes," *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); see also *Maxwell v. State*, 170 Ga. App. 831, 832 (1) (318 SE2d 650) (1984), and that a defendant may be convicted on the testimony of an accomplice if the testimony is independently corroborated and such corroboration connects the defendant to the crime or leads to the inference that he is guilty. OCGA § 24-4-8; *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983), aff'd 252 Ga. 418 (314 SE2d 210) (1984); *Allen v. State*, 175 Ga. App. 128, 129 (2) (333 SE2d 11) (1985).

Horne testified that he alone brought the thirty-one pounds of marijuana down in his van the day before the sale. He denied ever

telling the agent that his brother and Hummons were involved in transporting the marijuana or involved in the sale. He further testified that Oldwine was asleep in the van after they found out that they could not move their mother and that Oldwine did not know they were going to Avrett's residence and never knew that he (Horne) and Avrett were going to the service station to make a drug deal.

The evidence is too tenuous and sparse to implicate either Hummons or Oldwine in the sale of the thirty-one pounds. Viewed most favorably to the verdict, the most that can be said in regard to their involvement in the transaction is that they rode in the van, which neither of them owned or had any control over, when the marijuana was originally procured, that they would have been aware of its presence because of its odor, and that a co-defendant said they were "involved" in the "deal."

Oldwine's presence in the van in proximity to the independent one-pound of marijuana and the presence of a loaded revolver between the front seats of the van and Hummons' knowledge of the weapon add little if anything to the evidence of aiding and abetting in the sale or being otherwise affirmatively concerned in its commission.

"Mere presence of one where a crime is committed, without more, will not support a conviction. [Cit.]" *Russell v. State*, 132 Ga. App. 35, 36 (1) (207 SE2d 619) (1974). In addition there was no evidence that there was any discussion about the drug sale among Horne, Hummons, and Oldwine in the van enroute to Avrett's apartment or among Avrett, Hummons, and Horne once at the apartment. Although Oldwine was in the presence of the one-pound bag of marijuana in the van, which the agent testified was visible, he was not charged with its possession but rather was prosecuted and convicted for the sale of the thirty-one pounds of marijuana. The state failed to link possession of this one-pound bag to the sale of the larger quantity of marijuana. Hummons was not connected to the one-pound by any evidence.

As to the revolver, Horne testified that it belonged to him and that he carried it with him wherever he went. There was no evidence that the weapon was used in the drug sale or that Oldwine or Hummons would have been alerted to the sale by the presence of the gun.

To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt but must exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6.

The trial court is authorized to direct a verdict of acquittal if the state clearly fails to meet its burden. When the court declines to do so and the jury returns a verdict of guilt, we are not bound if a reasonable hypothesis of innocence appears from the evidence or the lack thereof. *Muckle v. State*, 165 Ga. App. 873 (1) (303 SE2d 54) (1983);

OCGA § 17-9-1. The state failed to carry its burden inasmuch as a reasonable hypothesis of innocence appears from the lack of evidence. Evidence that defendants were "involved" plus the proximity evidence, without more, does not establish that either appellant was a party to the crime. OCGA § 16-2-20 (3) or (4). Therefore the defendants' convictions cannot stand. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Our decision in Division 1 makes it unnecessary to address Hummons' additional contention that the trial court should have directed a verdict of acquittal because no "sale" within the meaning of the statute took place or to address the propriety of the denial of his motion for new trial based on the general grounds.

*Judgments reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*Coleman C. Eaton, Jr.*, for appellant (case no. 74942).
*Richard D. Wilson*, for appellant (case no. 75186).
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.