## 74428. CLARK v. THE STATE.
### (361 SE2d 682)

POPE, Judge.

Jeffrey Lane Clark brings this appeal following a bench trial which resulted in his convictions and sentences of trafficking in cocaine, possession of diazepam, and possession of marijuana with in-

tent to distribute. The errors enumerated challenge the sufficiency of the evidence and the execution of a search warrant pursuant to which the illegal drugs were seized. *Held*:

For the purpose of resolving issues of fact in the court below, the parties stipulated the following facts as true. On November 16, 1984 officers of the Atlanta Bureau of Police Services secured a search warrant for the premises located at 1080 Monroe Drive in Atlanta, Fulton County, Georgia. The facts contained in the affidavit for the warrant were stipulated to be correct and showed that on November 15 the affiant received information from a confidential informant who stated that Richard Stanley Baldwin was selling, storing and concealing MDA and LSD at the Monroe Drive address. On November 16 the informant was searched and given a quantity of city funds to attempt to purchase drugs from Baldwin. After being searched the informant was observed by affiant and other officers to go to the subject premises, knock and follow a white male around the south side of the house. After a brief period the informant exited the house and met with the officers and gave them one brown vial containing suspected MDA and one plastic envelope containing four suspected LSD tabs. The informant was then searched again. Prior to entering the subject premises the informant was under constant surveillance by the officers until he delivered the purchased drugs to them.

At or about 8:20 p.m. on November 16 the search warrant was executed at the Monroe Drive address. At the time the officers arrived at the premises, Baldwin was standing on the front porch of the house, conversing with Clark. When the officers approached, Baldwin ran inside the house and closed and locked the door. The house was Baldwin's, and Clark was a visitor. Clark was detained in the front yard of the premises and frisked. In his pants was a hard object which was seized. The object was a vial containing liquid believed to be contraband. Clark was then arrested. The officers also found $1,420 in currency on Clark's person. Of the currency, $80 checked out as city funds previously employed and identified in the affidavit to the search warrant.

In the driveway of the premises was a white Cadillac limousine with black-tinted windows. While searching defendant Clark, officers observed movement in the Cadillac. They proceeded to ask co-defendants Richard Berry and Derrick Avery Lumpkin to step from the vehicle. They were also frisked and taken into the residence. Once inside, Berry and Lumpkin were advised that they were free to leave. However, a search of the Cadillac produced contraband and weapons, and Berry and Lumpkin were then arrested. When initially removed from the vehicle, Berry advised officers that he was the driver for a named attorney and had driven Clark to the Monroe Drive address in the Cadillac. Defendants Clark, Berry and Lumpkin had an expecta-

tion of privacy in the Cadillac limousine, having driven together to the subject premises in said Cadillac.

A search of the Cadillac produced a pistol and semi-automatic rifle and ammunition, as well as scales, a "cutting kit" and miscellaneous drug paraphernalia. The search of the car also produced 147 grams of marijuana, 117 grams of cocaine, and quantities of diazepam and MDA. The search of Baldwin's house produced 653 grams of marijuana and quantities of LSD, methamphetamine, MDA and diazepam.

1. "The evidence in the instant case would authorize a finding that the defendant [Clark], and the others having equal access to the drugs, were in joint constructive possession of the contraband. [Cits.]" *Garvey v. State*, 176 Ga. App. 268, 275 (335 SE2d 640) (1985); *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629) (1983). Cf. *Blount v. State*, 181 Ga. App. 330 (3) (352 SE2d 220) (1986), wherein defendant husband was not connected to the contraband discovered in his wife's automobile. Viewing the evidence in a light most favorable to the verdict, we find the evidence sufficient to exclude every *reasonable* hypothesis save defendant Clark's guilt and also sufficient to enable any rational trier of fact to have found him guilty of the subject trafficking and possession charges beyond a reasonable doubt.

2. We find no merit in Clark's assertion that the search of the subject Cadillac exceeded the scope of the search warrant. The vehicle was parked within the curtilage of the subject premises, and there was some evidence to connect the vehicle with the premises, viz, Clark's possession of both suspected drugs (in a vial similar to that which had earlier been obtained at the premises by the confidential informant), and also city funds which had been used to purchase drugs from Baldwin, the owner of the premises. See *Blount v. State*, 181 Ga. App. at 335-336, supra; *Albert v. State*, 155 Ga. App. 99 (270 SE2d 220) (1980).

3. We likewise find no merit in Clark's assertion that the seizure of the currency from his wallet was without justification. Under the circumstances stipulated in this case, the police officers were authorized to frisk Clark "[t]o prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant." OCGA § 17-5-28 (2). See *Wood v. State*, 224 Ga. 121 (1C) (160 SE2d 368) (1968); *Campbell v. State*, 139 Ga. App. 389 (3, 4) (228 SE2d 309) (1976), cert. den., 429 U. S. 1083 (1977). Cf. *Ybarra v. Illinois*, 444 U. S. 85 (II) (100 SC 338, 62 LE2d 238) (1979), holding that a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. The vial containing suspected drugs was thus properly seized pursuant to the warrant from the pocket of Clark's pants, cf. *Wyatt v. State*, 151 Ga. App. 207 (1b) (259 SE2d

199) (1979), providing probable cause for Clark's arrest. It is settled law that an officer at the time of a lawful custodial arrest may, even without a warrant, make a full search of the person of the accused. *Stoker v. State*, 153 Ga. App. 871 (1) (267 SE2d 295) (1980).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 15, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987 —

*W. Bruce Maloy*, for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney*, for appellee.