75398. BLAISE v. THE STATE.
(365 SE2d 499)

SOGNIER, Judge.

Appellant was convicted in a joint trial of trafficking in cocaine and he appeals.

1. In his first two enumerations of error appellant contends the evidence is not sufficient to support the verdict, and thus, the trial court erred by denying his motion for a directed verdict of acquittal. The evidence disclosed that Curtis V. Clark, a deputy sheriff in Liberty County, Georgia, received a telephone call from a confidential informant at 3:00 a.m., July 14, 1986, who told Clark to be on the lookout for a brown van occupied by three black males. Between 10:00 and 10:30 a.m. the same date Clark observed such a van leaving a residence in Walthoursville and heading toward another residence. Both residences were occupied by suspected drug dealers, who bought large quantities of drugs which they then distributed to their pushers. When the van left the second residence Clark followed it to the Tree Lounge, which was known by police as a common place for street sales of drugs. While following the van to the lounge Clark radioed for a marked police vehicle to stop the van; however, the van arrived at the lounge before the marked vehicle could stop it. When the marked vehicle arrived Clark pulled in front of the van and the three occupants, Weber Lewis, Tony Teophile and appellant, were asked to step out of the van. Lewis was the driver, one of the defendants was in the right front passenger seat, and the third defendant was sitting on a bench seat behind the driver's seat. (Clark could not state which of the passenger seats was occupied by appellant and which seat was occupied by Teophile.) Lewis stated that he was the owner of the van and when Clark asked Lewis if he could search the van, Lewis consented. Clark found a K-Mart bag containing an off-white chunky powdery substance in an area between the back of the driver's seat and the bench seat located behind the driver's seat. The powder was analyzed at the State Crime Laboratory and found to contain 173.8 grams of cocaine.

Appellant argues that mere presence in the vicinity of contraband, without more, does not establish possession, and there must be

a showing of constructive possession by appellant other than mere spatial proximity. While we agree with those principles of law, they are inapplicable here. Possession may be joint or exclusive, and actual or constructive. *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985). In the instant case appellant and Teophile, a co-defendant, had just arrived from Florida. The van stopped at residences of two suspected drug dealers, and then went to the Tree Lounge, known as a common place for street sales of drugs. At the time of their arrest the defendants had been riding around in Lewis' van since at least 3:00 a.m., a period of approximately seven hours. Such evidence would authorize a finding that appellant and his co-defendants had equal access to the cocaine and were in joint constructive possession of the drug. Id. By showing circumstantially that the three defendants had equal access to the cocaine, the evidence established that the defendants were parties to the crime, and thus, guilty of joint constructive possession of the cocaine. *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984). Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. Appellant alleges error in the trial court's failure to charge on circumstantial evidence because appellant's conviction was based solely on circumstantial evidence. Appellant did not request a charge on circumstantial evidence and contrary to his assertion, the evidence consisted almost entirely of direct evidence. Accordingly, in the absence of a timely request, it was not error for the court to fail to give a charge on circumstantial evidence. *House v. State*, 232 Ga. 140, 146 (5) (205 SE2d 217) (1974).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 28, 1988.

*Joseph C. Kitchings*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.