76022. PATTERSON v. THE STATE.
76023. PERKINS v. THE STATE.
76024. WYLDON v. THE STATE.
(370 SE2d 500)

SOGNIER, Judge.

Appellants were convicted of armed robbery in a joint trial and they appeal.

1. Appellants contend the evidence is not sufficient to support the verdict, and it was error to deny their motions for a directed verdict of acquittal based on that ground.

The evidence disclosed that shortly after closing Wendy's Old Fashioned Hamburger restaurant at 11:00 p.m., Ronnie Milner, co-manager of Wendy's, was counting the day's receipts in his office. A man pushed open the office door hard and fast, put a gun to Milner's head and turned his face away. Milner was able to see three hands

removing the cash from his desk and knew that two men were present. After the cash was collected Milner was ordered to lie on the floor and the men departed. Lisa Lassiter, an employee, was walking toward the office and saw a man with money in his hand go out the back door of Wendy's. She then entered Milner's office and discovered he had been robbed, so she ran to the front of the restaurant and informed the other employees of the robbery. Lassiter then went to the door to see if anyone was running or driving away, and saw what she described as a black-over-white Monte Carlo speed up a ramp to I-75, then turn north. Just after closing Lassiter had seen a man walking alongside Wendy's; that man was not appellant Patterson or appellant Perkins.

The police were called and a lookout was broadcast for the car described by Lassiter. A few minutes later Detective William Raiford spotted a car fitting that description and followed it, notifying other officers by radio that he was following the car the police were looking for. After another officer caught up with Raiford he stopped the suspected vehicle, which was occupied by appellants. Perkins was driving the car, Patterson was in the front passenger seat, and Wyldon was in the right rear passenger seat. The men were ordered out of the car and while the car door was open, Detective Raiford saw a large amount of cash on the floorboard, partially under the front passenger seat. The money on the floor, plus $50 in Patterson's pocket, totalled $1,969, just $15 less than the amount taken in the robbery. Appellants were arrested and taken to the police station, where Patterson was identified by Milner and Lassiter as the robber, and Wyldon was identified by Lassiter as the man she had seen walking alongside the restaurant just before the robbery. However, this identification testimony was suppressed because it was tainted by the manner in which the police conducted the showup.

Just before Detective Raiford stopped appellants on I-75 he saw something thrown out the sunroof of the car they were driving. The area near where appellants were stopped was searched the following morning and a pistol was found a few feet from the edge of the road. Although Milner testified at trial that he could not state that the pistol found by the road was the pistol used in the robbery, the regional coordinator for Wendy's and Detective Fred Albertson testified that Milner had earlier identified the pistol as the one used in the robbery.

Dale Farley, an employee at Wendy's who had pled guilty to participating in the robbery, testified that five days before the robbery he and appellant Patterson had discussed how they could commit the robbery if Farley would leave the back door unlocked when the restaurant closed. He told Patterson where the manager's office was located, and that the manager always counted the money on his desk immediately after closing. Although Farley could not decide whether

or not he would participate in the robbery, he received a call at Wendy's from Patterson the night of the robbery, and Farley told him it was a good night for the robbery, and Farley would leave the back door unlocked. Farley also testified that Patterson owned a pistol, and that he and Wyldon lived together, although Wyldon was not present when Farley and Patterson planned the robbery.

a. Appellant Patterson contends the evidence, being all circumstantial, is insufficient to support the verdict because it does not exclude every reasonable hypothesis except that of guilt. Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is primarily a question for the jury, especially where, as here, the jury has been charged on this issue. *Johnson v. State*, 185 Ga. App. 505, 506 (2) (364 SE2d 893) (1988). Considering testimony that Farley and Patterson planned the robbery; that Patterson called Farley shortly before the robbery and said he was going to commit it; and the fact that Patterson was in the "getaway" car with almost the exact amount of money taken under his seat, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny Patterson's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

b. The evidence connecting appellants Wyldon and Perkins to the robbery is not as clear-cut as the evidence against appellant Patterson. Basically, the only evidence connecting Wyldon and Perkins to the robbery is that they were in the car where the money was found, and Perkins was driving the car. However, Wyldon shared an apartment with Patterson, and there was testimony that the gun used in the robbery was thrown out of the sunroof of the car occupied by appellants. Further, Lassiter described the getaway car as a black-over-white Monte Carlo, and the vehicle driven by Perkins was a burgundy-over-white Trans Am, described by a police officer as having a body style similar to a Monte Carlo. Although Wyldon and Perkins argue there is nothing to establish they even had knowledge of the robbery, they were all in the same car when the gun was thrown out of it, and almost $2,000 in cash was lying on the floor of the car. Further, Milner testified that more than one person was involved in the robbery. Appellant Perkins also relies on *Oldwine v. State*, 184 Ga. App. 173 (360 SE2d 915) (1987) as authority for the proposition that mere presence at the scene of the crime is insufficient to sustain a verdict. However, his reliance on *Oldwine* is misplaced, as in that case Oldwine and another defendant were not present at the scene of the drug transaction involved. Rather, one defendant was in an apartment two miles away and Oldwine was in a van parked outside that apartment. Thus, there was nothing to connect those two defendants to the drug transaction involved, and the facts are clearly inapposite

to the facts of the instant case.

In a case factually more similar to the instant case, where drugs were found in a bag on the floor of a van occupied by three defendants, we held that such evidence was sufficient to show that the defendants had equal access to the contraband (in the case sub judice, stolen money), and were in joint constructive possession of the contraband. *Blaise v. State*, 185 Ga. App. 653, 654 (1) (365 SE2d 499) (1988). By showing circumstantially that the defendants had equal access to the contraband, the evidence established that defendants were parties to the crime. Id. Applying the rules set forth in *Blaise* to the facts of the instant case, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, supra. Accordingly, it was not error to deny Wyldon and Perkins' motions for a directed verdict of acquittal. *Eaton*, supra.

2. Appellants Patterson and Perkins contend the trial court erred by charging the jury that flight, if any, was subject to explanation. Appellants argue that this charge impermissibly shifted the burden of persuasion to them. This contention has been decided adversely to appellants. *Benton v. State*, 181 Ga. App. 853 (2) (354 SE2d 195) (1987).

*Judgments affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 23, 1988 —
REHEARINGS DENIED JUNE 3, 1988 —

*James P. Brown, Jr.*, for appellant (case no. 76022).
*Wade M. Crumbley*, for appellant (case no. 76023).
*Benjamin W. Studdard III*, for appellant (case no. 76024).
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.