77506. COCHRAN v. THE STATE.
77507. PASSMORE v. THE STATE.
77508. BALLARD v. THE STATE.
(380 SE2d 319)

CARLEY, Chief Judge.

Appellants appeal from their convictions for trafficking in cocaine.

1. Appellants Passmore and Ballard enumerate the general grounds. Appellant Cochran does not. The evidence adduced at trial showed that a state patrol officer stopped a vehicle for speeding. Appellant Passmore, the driver of the vehicle, produced a valid driver's license and a car registration form which indicated that the vehicle was registered to Melvin Jennings of Florida. Appellant Passmore told the officer that Jennings was a relative of appellant Cochran and he also stated that he was going to Woodbury, Georgia. The officer then questioned appellant Cochran, who was seated in the front passenger seat. Appellant Cochran told the officer the car had been borrowed so that they could attend a funeral in Camilla, Georgia. Appellant Ballard and another man were in the back seat of the car. According to the officer, one of them remarked that they were going to Valdosta while the other commented that he did not know where they were going. However, the officer did not know which man had made what statement.

Based on the discrepancies in the stated destinations, the officer requested and received permission from appellant Passmore to search

the vehicle. The ensuing search disclosed no luggage in the cab or trunk, but $2,200 in cash was found in the glove compartment. When the officer could not find the latch to the hood of the vehicle, he asked for help and was aided by appellant Cochran in getting the hood open. Behind the left headlight, the officer found approximately three pounds of cocaine with a purity of 98 percent. All the occupants of the vehicle were placed under arrest.

This evidence is insufficient to authorize a finding of appellant Ballard's guilt beyond a reasonable doubt. As to him, there was not sufficient evidence of such inculpatory conduct before, during or after the offense as would authorize a finding that he was anything other than a mere passenger in the vehicle. See generally *Oldwine v. State*, 184 Ga. App. 173 (1) (360 SE2d 915) (1987). Compare *Robinson v. State*, 175 Ga. App. 769, 772 (3) (334 SE2d 358) (1985).

The evidence is, however, sufficient to authorize a finding that appellants Passmore and Cochran were in *joint actual* possession of the cocaine. See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). "[A]ctual and constructive possession ' "often so shade into one another that it is difficult to say where one ends and the other begins." ' [Cits.]" *Dalton v. State*, 249 Ga. 720, 721 (2) (292 SE2d 834) (1982). "The 'actual possession' required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking." *Barrett v. State*, 183 Ga. App. 729, 736 (2) (360 SE2d 400) (1987). Appellant Passmore was the driver of the automobile in which the contraband and $2,200 in cash were found. Appellant Cochran was the person to whom possession and control of that vehicle had been entrusted by the owner.

The "equal access" principle does not mandate the reversal of appellant Passmore's conviction. There was no affirmative evidence that anyone other than appellants Passmore and Cochran had an equal opportunity to commit the crime. See generally *Prescott v. State*, 164 Ga. App. 671, 672 (1) (297 SE2d 362) (1982). " '[M]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. [Cits.]' [Cit.]. . . . 'To make an affirmative showing of equal access, it is not enough to show that others might have had equal access but it must affirmatively appear that others did have equal access. It is not necessary that the [S]tate remove every possibility of defendant's innocence [cit.], but only that the evidence be sufficient to convince the rational trier of fact of the defendant's guilt beyond a reasonable doubt. [Cit.]' [Cit.]" (Emphasis in original.) *Burrell v. State*, 171 Ga. App. 648, 650 (6) (320 SE2d 810) (1984).

There is only mere speculation that others *may* have had equal access to the area under the hood of the car. Although the car was not owned by appellant Cochran, the jury would be authorized to find that the owner would not have *loaned* his vehicle knowing that *his* three pounds of cocaine and $2,200 in cash were located therein. The jury would also be authorized to find, as a rational trior of fact, that no one other than appellant Passmore, as the driver, and appellant Cochran, as the custodian, had equal access to the relatively inaccessible area under the hood of the car. Compare *Shreve v. State*, 172 Ga. App. 190 (322 SE2d 362) (1984). Any speculation that the area under the hood was easily accessible to others is negated by the evidence that the officer himself had difficulty in opening the hood and required the assistance of appellant Cochran to do so. "Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury. [Cit.]" *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985). There being no unrebutted *affirmative* evidence demanding a finding of *equal* access, a rational trior of fact was authorized to find appellant Passmore guilty beyond a reasonable doubt of jointly trafficking in cocaine with appellant Cochran. See generally *Robinson v. State*, supra at 771 (2).

2. Appellant Passmore enumerates as error the denial of his motion for a continuance in order to give his counsel more time to prepare for trial. We find no abuse of discretion in the denial of the motion. See generally *Burnett v. State*, 240 Ga. 681, 683 (1) (242 SE2d 79) (1978).

3. Appellant Passmore enumerates as error the denial of his motion to sever his trial from the trial of appellant Cochran. We find no reversible error in the denial of the motion. See generally *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980).

4. Although appellant Passmore enumerates as error the admission of certain evidence which he contends was allegedly seized as the result of an illegal search, the record shows that he filed no timely written pre-trial motion to suppress that evidence. Accordingly, this enumeration is without merit. See generally *Turner v. State*, 170 Ga. App. 355 (317 SE2d 631) (1984).

5. In the remaining enumerations, appellants Passmore and Cochran urge that the trial court's charge was erroneous in several respects. "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.] While the specific portion[s] of the charge of which complaint is made, when torn asunder and considered as a disjointed fragment, may be objectionable, when put together and considered as a whole, the charge is perfectly sound. [Cits.] We find no harmful error in the charge." *Clark v. State*, 153 Ga. App. 829, 831 (2) (266 SE2d 577)

(1980).

*Judgments affirmed in Case Nos. 77506 and 77507. Judgment reversed in Case No. 77508. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Sognier, J., concurs in part and dissents in part.*

SOGNIER, Judge, dissenting in part.

At the time the arrests were made and the indictments handed down in these appeals, the case law in this state had construed the applicable statute to authorize convictions for trafficking in cocaine based on the accused's constructive possession of the contraband. See, e.g., *Blaise v. State*, 185 Ga. App. 653, 654 (365 SE2d 499) (1988); *Clark v. State*, 184 Ga. App. 380, 382 (1) (361 SE2d 682) (1987). That case law was overruled in *Lockwood v. State*, 257 Ga. 796, 798 (364 SE2d 574) (1988) which mandated a strict application of the statutory requirement of *actual* possession of the contraband to support a trafficking conviction. " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it.' " Id. at 797. It is to be noted that the legislature amended OCGA § 16-13-31 (a) to delete the requirement of "actual" possession effective 52 days after *Lockwood* was decided. That amendment, however, is not applicable to these appeals, see generally *McIntosh v. State*, 185 Ga. App. 612, 616 (365 SE2d 454) (1988), and I cannot agree with the majority that we can give lip service to *Lockwood*'s controlling authority by relabeling as "actual" possession evidence which clearly establishes only joint constructive possession.

Passmore and Cochran were the driver and cousin of the owner, respectively, of the blue Mercedes automobile in which approximately three pounds of 98 percent pure cocaine were found under the hood. The automobile had four occupants of whom Cochran was the closest to the glove compartment containing $2,200. It is uncontroverted that the cocaine was physically inaccessible to the occupants inside the Mercedes and, while there is evidence that a state patrol officer had difficulty opening the hood, contrary to the majority's statement there is no evidence that the hood could not be raised and the contraband accessed by anyone with a modicum of mechanical ability. Other than Cochran's proximity to money equally accessible to all four occupants of the vehicle, and the presumption of possession of contraband which arises from the control of the Mercedes, i.e., Passmore's status as driver of the vehicle and Cochran's status as the person to whom the owner of the vehicle had entrusted the car, there is no evidence of knowing direct physical control over the contraband to support the convictions of Cochran and Passmore.

In *Farmer v. State*, 152 Ga. App. 792 (264 SE2d 235) (1979), this court held that when there is any competent evidence that others

have had equal access to the vehicle where contraband is found, it cannot be inferred as a matter of fact, giving rise to a presumption of law, that based solely upon ownership or operation of the vehicle that the accused was in actual *or* constructive possession of the contraband. Id. at 796. "[N]o presumption of possession arises where there is evidence of equal access by others. [Cit.] Without the presumption of possession and control, what is left is mere presence at the scene of a crime or, more to the point, mere presence near hidden contraband. As a matter of law, this is not enough to support a finding of criminal possession of the contraband beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. [Cits.]" *In the Interest of C. A. A.*, 187 Ga. App. 691, 693-694 (371 SE2d 247) (1988).

Even though the State's evidence showed, and appellants' counsel on cross established, that all four occupants in the car did have equal access to the contraband, the majority holds that appellants' failure to submit the same evidence as their case in chief means no "affirmative" defense of equal access was presented. I cannot agree that such a burden is placed on accuseds in this state. Further, the majority indulges in speculation by asserting that the owner of the Mercedes "would not have *loaned* his vehicle" knowing that he had three pounds of cocaine under the hood. And I cannot agree with the majority that it is "speculation" that the hood to the vehicle was not accessible to all merely because one state patrol officer had difficulty opening it, when the State easily could have presented evidence of an interior latch or other mechanism accessible only to the occupants of the vehicle had such been the case.

Convictions cannot be based on what a jury could have "speculated" from the sparsity of evidence presented. Rather, the evidence must be such that a rational trier of fact can find evidence *beyond a reasonable doubt* of every element of the crime, including here the actual possession by knowing direct physical control over the contraband by appellants Cochran and Passmore. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Moore v. State*, 255 Ga. 519, 520 (340 SE2d 888) (1986). The evidence here consisted of a presumption of possession rebutted by evidence of equal access and vague speculations which failed to exclude every other reasonable hypothesis save that of the guilt of the accuseds under OCGA § 24-4-6. Since I would not place upon the citizens of this state the burden of looking under the hood of a vehicle before they agree to drive it or of searching all vehicle cavities before accepting the loan of a car from a relative, I can concur only in the reversal of Ballard's conviction in Case No. 77508, and must respectfully dissent to the majority's affirmance of the conviction of Passmore in Case No. 77507. Since the evidence was insufficient to support Cochran's conviction in Case No. 77506, the absence of exception does not preclude this court from ad-

dressing this obvious error, see *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986); *Taylor v. State*, 186 Ga. App. 113, 114-115 (366 SE2d 422) (1988), and I must likewise dissent to the affirmance of the conviction in Case No. 77506.

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 23, 1989.

*Larry B. Mims*, for appellant (case no. 77506).
*Lee W. Fitzpatrick*, for appellant (case no. 77507).
*Buckley & Buckley, Richard R. Buckley, Jr.*, for appellant (case no. 77508).
*David E. Perry, District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.