A89A1963. DAVIS et al. v. THE STATE.
(391 SE2d 124)

POPE, Judge.

On April 15, 1988, Trooper Fred Ponder of the Georgia State Patrol and Sheriff Tony Kennedy of Webster County, Georgia, established a roadblock on the highway known as Corridor Z for the purpose of checking drivers' licenses, automobile registrations and proof of insurance of those drivers in vehicles passing through the roadblock. Approximately two hours into the operation, Trooper Ponder stopped a vehicle in which defendant Herbert Lee Davis was the

driver and defendant Curtis Williams was the sole passenger. The registration produced by defendant Davis showed Josephine Douglas of Ft. Myers, Florida, to be the owner. Trooper Ponder detained defendants and questioned them separately about the owner of the vehicle and their destination. Defendant Davis stated the vehicle belonged to his sister and that the two men were en route to Columbus, Georgia. At the hearing on defendants' motion to suppress, the trooper testified defendant Williams told him the vehicle belonged to defendant Davis' girl friend and that they were en route to West Point, Georgia. Trooper Ponder conducted a check and determined that defendant Davis' license was valid and the automobile had not been reported stolen. Trooper Ponder asked defendants if they were transporting contraband and they both responded negatively. He then requested permission to search the vehicle and both men gave their oral consent to search. The trooper found a bag containing cash in the amount of approximately $2,000 tucked between the two front seats and measuring scales, drug paraphernalia and cocaine in the trunk of the car. Defendants were arrested and charged with trafficking in cocaine. Prior to trial defendants filed a motion to suppress evidence found in the automobile. The motion was denied and defendants were convicted by a jury.

1. We hold the trial court properly denied defendants' motion to suppress evidence seized from the automobile. The uniformed officers of the State Patrol are vested with the duty "[t]o enforce the laws of this state relating to the use, ownership, control, licensing, and registration of motor vehicles . . . ." OCGA § 35-2-33 (a) (1). The setting up of roadblocks by police officials for the purpose of checking the legality of licensing of drivers and registration of vehicles is reasonable and acceptable. *State v. Swift*, 232 Ga. 535 (1) (207 SE2d 459) (1974). That the automobile was registered to an individual not present in the automobile and that defendants gave conflicting statements as to the identity of the owner and their destination provided the trooper with an articulable suspicion sufficient to justify his making a brief stop to investigate the ownership of the vehicle. "The rationale of *Terry v. Ohio*, [392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)], and its progeny allows investigating officers who possess articulable suspicion of criminal activity to detain a suspect for a limited period in order to identify the suspect . . . and conduct limited questioning." *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40) (1983).

The extent of the stop in this case did not exceed the permissible scope of investigation by the officer to determine whether the driver was properly licensed and in lawful possession of the vehicle and the motor vehicle was properly registered. See *Coop v. State*, 186 Ga. App. 578 (1) (367 SE2d 836) (1988). Because the initial stop of the

vehicle was valid, "the trooper . . . did not violate the [defendants'] Fourth Amendment rights merely by requesting . . . consent [to search]." *Pupo v. State*, 187 Ga. App. 765, 766 (371 SE2d 219) (1988). The facts of *Radowick v. State*, 145 Ga. App. 231 (244 SE2d 346) (1978), cited by defendants, are distinguishable because in that case the detention of defendants went beyond a brief investigative stop to become an illegal arrest and because consent was obtained by coercion and not freely and voluntarily.

2. The owner of the automobile, who was the girl friend of defendant Davis, testified at trial that her brother used her car with her permission regularly two or three times a week and that he used the car the day before defendant Davis borrowed it. Her brother returned the car late in the evening on April 14 and defendant Davis picked up the car the morning of April 15. The owner testified her brother died May 23, 1988, just over a month after the automobile was seized. In a proffer of evidence outside the presence of the jury, the owner testified that when her brother learned the car had been seized by Georgia authorities she had a conversation with him in which he said he had been using her car to transport drugs between Ft. Myers and Tampa and that he had left the drugs in the car. During this conversation he paced the floor and appeared to be nervous. He told her he would be killed if he did not retrieve the drugs. Defendants argued the trial court erred in refusing to allow the hearsay testimony about the deceased declarant's statements to be presented to the jury.

Georgia courts have long held that an exception to hearsay will not be made in regard to testimony that another person admitted committing a crime because of the rule that the admission of a person that he, and not the accused, was the actual perpetrator of the offense is not admissible in favor of the accused. See *Massey v. State*, 243 Ga. 228 (6) (253 SE2d 196) (1979); *Little v. Stynchcombe*, 227 Ga. 311 (2) (180 SE2d 541) (1971). The United States Supreme Court has held that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers v. Mississippi*, 410 U. S. 284, 302 (93 SC 1038, 35 LE2d 297) (1973). In those cases in which the United States Supreme Court has ruled the confession of a third party to be admissible as an exception to hearsay, the Court found strong indicia of reliability of the out-of-court statement. In *Chambers*, the third-party declarant had made three separate admissions of guilt to three different people, the statements bore persuasive assurances of trustworthiness and the declarant was available for cross-examination by the state so that his demeanor and responses could be weighed by the jury. In *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979), the Supreme Court held that pursuant to the Due Process Clause of the Fourteenth Amendment, testimony concerning

the confession of a co-defendant should have been admitted in the sentencing phase of the trial because it was highly relevant to the issue of punishment and because substantial reasons existed to assure its reliability.

However, in *Davis v. State*, 255 Ga. 598 (8) (340 SE2d 869) (1986), the Georgia Supreme Court refused to extend the holding of *Green v. Georgia* to the guilt-innocence phase of a trial court where, as here, the declarant was not available for cross-examination and the out-of-court statement lacked strong indicia of reliability because it was not made to a neutral third party but to one who had an interest in the outcome of the trial. Here, the declarant was deceased and unavailable for cross-examination and the only party who witnessed the out-of-court admission was the girl friend of one of the defendants. We do not believe the holdings of the Georgia Supreme Court or the United States Supreme Court require the admission of testimony about the out-of-court statement in this case and find that the trial court did not err in excluding the testimony.

We reject defendants' argument that the rule against evidence of third-party admissions against penal interest does not apply in this case because the declarant, who admitted to ownership of the cocaine and to trafficking in cocaine within the state of Florida, did not admit to any acts which would impose criminal liability in Georgia. The alleged admission of the deceased declarant was clearly against his penal interest.

3. Defendants assert the trial court erred in refusing to strike for cause several relatives of the county sheriff who appeared in the jury pool. If the sheriff were the "prosecutor," within the meaning of OCGA § 15-12-163 (b) (4), then these jurors would have been disqualified pursuant to OCGA § 15-12-135 as being related to the sheriff within the sixth degree by blood or marriage. However, the sheriff cannot be characterized as the "prosecutor" in this case. "The general rule is that, 'A prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based. (Cit.)' [Cits.]" *Spence v. State*, 238 Ga. 399, 400 (233 SE2d 363) (1977). A state trooper signed the arresting warrant and was the primary arresting officer in this case. The case was presented to the grand jury by special presentment and not by sworn accusation. The evidence presented at the hearing on the motion to suppress showed the sheriff participated in the arrest only as an assisting officer at the roadblock and that he could not hear what transpired between the arresting trooper and the defendants. The sheriff did not testify at trial. The fact that he sat at counsel table with the District Attorney and assisted in striking the jury affords no ground for challenging his relatives for cause. *Durham v. State*, 129 Ga. App. 5 (3)

(198 SE2d 387) (1973). The sheriff in this case was not the prosecutor and no ground exists for striking his relatives from the jury. See generally *Jones v. State*, 184 Ga. App. 4 (2) (360 SE2d 599) (1987).

4. Defendants assert the trial court erred in failing to grant their motion for a directed verdict on the ground that the evidence was insufficient to convict them of the offense of trafficking in cocaine. As defendants argue, if evidence exists of prior use of an automobile by another person in the recent past then the equal access rule would demand an acquittal. See *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983). However, the equal access defense requires affirmative evidence that persons other than the defendants had equal opportunity to commit the crime; mere speculation that others may have had equal access to the automobile is insufficient. *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989). In *Cochran*, defendants argued the fact that the car had recently been borrowed from the owner established that others had equal access to the car. However, this court held that such evidence did not demand acquittal because "the jury would be authorized to find that the owner would not have *loaned* his vehicle knowing that *his* [contraband] and . . . cash were located therein." Id. at 886. In the case now before us the evidence showed the car had been used the evening before defendants were arrested by the owner's brother. As in *Cochran*, the jury would be authorized to find a third party would not have relinquished possession of a vehicle containing over 500 grams of cocaine. "Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury." *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985). The trial court properly charged the jury on the equal access rule. It did not err in denying defendants' motion for directed verdict of acquittal.

5. Finally, defendants argue they were deprived of their proportional share of peremptory strikes as provided by OCGA § 15-12-165 because veniremen who were peremptorily excused by the prosecutor in a previous trial were returned to the panel of prospective jurors for defendants' trial. Defendants assert that this practice permitted the prosecutor to excuse from the earlier trial veniremen whom he believed would be more beneficial to the State in defendants' trial. Defendants argue this effectively doubled the prosecutor's peremptory challenges in defendants' trial and deprived them of their share of challenges by forcing them to use their peremptory strikes to eliminate the juror or allow the juror to be impanelled. We reject defendants' argument. If anything, by returning to the jury pool veniremen already once rejected by the prosecutor, the practice discriminated against the prosecutor by forcing him to choose from among veniremen he had already challenged. "A defendant is entitled to a panel of qualified jurors not a panel of preferred jurors." *Smith v. State*, 245

Ga. 205, 208 (264 SE2d 15) (1980). We hold defendants have no ground for challenging the array of the jurors. Cf. *Cady v. State*, 198 Ga. 99 (1a) (31 SE2d 38) (1944) (in which the Georgia Supreme Court held that a defendant has no ground to challenge the array of jurors because it may include jurors who appeared in a panel in a previous trial of the defendant and who had been peremptorily challenged).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1990 —
REHEARING DENIED FEBRUARY 13, 1990 — 

*Mark G. Pitts*, for appellants.
*John R. Parks, District Attorney*, for appellee.