A90A2076. LLAGUNO v. THE STATE.
(399 SE2d 564)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine and misdemeanor possession of marijuana. He brings this appeal from the de-

nial of his motion for new trial.

The appellant was seated on the right side of the rear seat of an automobile which was stopped by a state trooper on Interstate 75 in Houston County for following too closely. The car was being driven by one Feliberto Delgado, whose brother, Onelio Delgado, occupied the front passenger seat. At the trooper's request, the driver exited and stepped to the rear of the vehicle, where he identified himself and produced a Georgia driver's license. After advising Mr. Delgado that he intended to issue him a warning ticket, the trooper asked to see the registration papers for the vehicle, whereupon Delgado produced a Florida registration document indicating that the vehicle was registered to his wife. In response to the trooper's inquiries, Delgado revealed that he was en route to Atlanta after being in Miami for two days. The trooper then questioned the appellant concerning their itinerary, and his responses were consistent with Delgado's. After a backup unit arrived on the scene, the trooper sought and obtained Delgado's permission to search the vehicle; and during the ensuing search, two clear ziplock bags containing a total of approximately 2-½ grams of cocaine were found inside the plastic seat belt enclosure on the right side of the front passenger seat. The three occupants of the vehicle were thereupon arrested and the car impounded. During a more extensive search of the vehicle which was conducted at the jail, approximately a pound of cocaine as well as a small amount of marijuana were discovered behind the two rear door panels.

Based on these discoveries, the appellant and the Delgado brothers were all jointly indicted for trafficking in cocaine and possession of less than one ounce of marijuana. The appellant filed a pretrial motion to sever his trial from that of Feliberto Delgado, on the ground that he intended to call him as a defense witness. This motion was apparently granted; and at the ensuing joint trial of the appellant and Onelio Delgado, Feliberto Delgado, appearing as a defense witness, claimed ownership of the contraband and testified that the appellant and Onelio had not known of its presence in the automobile. *Held*:

1. The appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal. The trafficking statute in effect at the time of the appellant's arrest authorized a conviction upon proof of either actual or constructive possession of 28 or more grams of cocaine. See OCGA § 16-13-31 (a) (1), as amended by Ga. L. 1988, pp. 420-424. " 'A person who knowingly has direct physical control over a thing at a given time, is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.' [Cit.]" *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). " 'A finding of constructive possession must be based upon some connection between

the defendant and the contraband other than spatial proximity.' [Cit.] . . . Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." *Shirley v. State,* 166 Ga. App. 456, 457 (304 SE2d 468) (1983). Because it was established without dispute that the appellant had neither a possessory nor a proprietary interest in the vehicle but was simply occupying it as a passenger, we find no evidentiary basis upon which a rational trier of fact could have concluded beyond a reasonable doubt that he was in knowing possession of the contraband. Therefore, we hold that the trial court erred in denying his motion for directed verdict. Accord *Cochran v. State,* 190 Ga. App. 884 (1) (380 SE2d 319) (1989); *Oldwine v. State,* 184 Ga. App. 173 (360 SE2d 915) (1987); *Shirley v. State,* supra.

2. The appellant's remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 29, 1990.

*Laurens C. Lee,* for appellant.
*Edward D. Lukemire, District Attorney,* for appellee.