A91A0366. MURRELL v. THE STATE.
(407 SE2d 460)

POPE, Judge.

Defendant James Arthur Murrell and his sister, Arlene Wright Woods, were jointly indicted and tried for the offense of trafficking in cocaine. Defendant was found guilty of the charges against him and Woods was acquitted. Defendant appeals from the denial of his motion for new trial.

1. Defendant first argues the evidence presented at trial failed to show he was in actual possession of the contraband. At the time of defendant's arrest, OCGA § 16-13-31 (a) (1) had been amended by Ga. L. 1988, pp. 420-424 to authorize a conviction for trafficking in cocaine upon proof of either actual or constructive possession of 28 or more grams of cocaine. However, in defining the crime of trafficking to the jury the trial court charged that "[a]ny person . . . who is knowingly in *actual* possession of 28 grams or more of cocaine . . . commits the offense of trafficking in cocaine." (Emphasis supplied.) The court then defined actual possession for the jury and also charged that they "would be authorized to convict only if they should find beyond a reasonable doubt that the defendant knowingly had *actual* possession, either alone or jointly with other." (Emphasis supplied.) The State offered no objection to the charge. Thus the question in

this case is whether the evidence was sufficient to show that defendant was in knowing, actual possession of the contraband. Because we find the evidence was not sufficient, we must reverse defendant's conviction.

Woods testified at trial that defendant, her brother, had asked her to drive him from Atlanta to his home in Tifton, Georgia. Woods, her two-year-old grandchild, and the defendant left Atlanta in her car around 5:30 a.m. on the morning of August 24, 1989. Woods drove for a short distance then turned the driving over to defendant so she could take care of the child. Woods testified that they made two stops, one at a rest area and one at a house after they got off at the Sylvester exit on Interstate Highway 75. According to Woods, her brother entered the house first and then invited her and her grandson to come in. A man and woman were in the house and the man gave her brother a telephone number. They then left the house and got back on the Interstate. Woods testified she had dozed off to sleep when she realized the car was slowing and that they were being stopped by a State Patrol officer.

The officer testified he stopped defendant because he was weaving; he also testified that at the time of the stop defendant and Woods were traveling north on Interstate 75, although Woods testified she thought they were still traveling south. Because the occupants of the car appeared nervous, and gave somewhat inconsistent stories about their destination, the officer asked permission to search the vehicle. Both defendant and Woods consented to the search. Woods testified she started to get out of the car with her purse and the officer told her he also needed to search her purse. Both the officer and Woods testified she agreed to the search of her purse. The search of Woods' purse revealed two "cookies" of what was subsequently identified as crack cocaine wrapped in foil, and both Woods and the defendant were arrested. A subsequent search of the vehicle revealed no other contraband. Woods testified she did not know the cocaine was in her purse and could offer no explanation on how it was placed there. She also testified she had been asleep for most of the trip and that her purse had been open during the trip and was placed on the floorboard on the left side of her left leg on the passenger side of the automobile.

Based on the trial court's instructions, the jury was authorized to convict the defendant only if they found he was in actual possession of the contraband found in Woods' purse. " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it.' " (Citation omitted.) *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). Clearly, defendant did not have physical control of the contraband in this case. "The 'actual possession' [formerly] required by OCGA § 16-13-31 to authorize a conviction for

trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking." *Barrett v. State*, 183 Ga. App. 729, 736 (360 SE2d 400) (1987). Here, the evidence was not sufficient to show defendant's participation in the possession of contraband found in his sister's purse. "[Mere] presence near hidden contraband [is] not enough to support a criminal conviction requiring actual possession. See *In the Interest of C. A. A.*, 187 Ga. App. 691, 693 (371 SE2d 247) (1988)." *Ramirez v. State*, 190 Ga. App. 889, 890 (1) (380 SE2d 323) (1989). " ' "[Even a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Cit.) . . . Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.' *Shirley v. State*, 166 Ga. App. 456, 457 (304 SE2d 468) (1983)." *Llaguno v. State*, 197 Ga. App. 789, 790-791 (399 SE2d 564) (1990). Consequently, defendant's conviction must be reversed. See *Llaguno*, supra; *Haxho v. State*, 186 Ga. App. 393 (1) (367 SE2d 282) (1988); *Oldwine v. State*, 184 Ga. App. 173 (1) (360 SE2d 915) (1987); *Denham v. State*, 144 Ga. App. 373 (1) (241 SE2d 295) (1977); cf. *Ramirez*, supra; *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989).

2. Because of our holding in Division 1, it is unnecessary for us to address defendant's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 27, 1991.

*Steven Harrell*, for appellant.

*Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney*, for appellee.