## A93A0313. TAYLOR v. THE STATE.
(433 SE2d 87)

COOPER, Judge.

Appellant was tried with four co-defendants for possession of cocaine. The jury found appellant guilty, and he appeals from the judgment and sentence entered on the jury verdict and the denial of his motion for new trial.

Construing the evidence in the light most favorable to the verdict, the evidence showed that on May 1, 1991, agents of the Albany/ Dougherty County Drug Unit executed a search warrant at an apartment where appellant lived occasionally with his girl friend. When the agents entered, appellant was on the back porch of the apartment, his girl friend was in the bedroom, three other women were in the living room, and a fifteen-year-old boy was sitting on the front porch with a loaded semi-automatic weapon. During the search of the apartment, agents found four small bags of suspected cocaine. One bag was found on the front porch, another was found on top of a gas meter located within arms reach of the back porch, the third was found inside a tennis shoe on the back porch, and the fourth bag was found on the ground two or three feet from the back porch. As a result of the search, appellant and the other persons in the apartment were arrested and charged with possession of cocaine. Several guns were also found in the apartment, and appellant subsequently admitted that the guns belonged to him. The substance in the bags found on top of

the gas meter and on the ground near the back porch tested positive for cocaine, and the other packets were not tested.

In his three enumerations of error, appellant contends that the verdict was contrary to the law and the evidence and that the trial court erred in denying his motions for directed verdict and new trial. Appellant argues that there was no evidence that he had either actual or constructive possession of the cocaine because the cocaine was found in an area easily accessible to others.

"The equal access defense is based on the rule that 'merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.'. . . [Cit.]" *Nelson v. State*, 199 Ga. App. 487, 488 (1) (405 SE2d 310) (1991). However, "[p]ossession of contraband 'can be established by evidence which shows the contraband was discovered on the premises occupied by and under the control of the accused with no equal right of access and occupancy in others.' [Cit.]" *McKenny v. State*, 204 Ga. App. 411 (1) (419 SE2d 731) (1992). The agents surveilled the apartment for two weeks prior to the issuance of the search warrant and regularly observed appellant at the apartment. The agents also observed that there was always someone on the front porch and someone on the back porch, thereby denying access to the general public. There was also evidence that neither the front porch nor the back porch was equally accessible to other persons. The front porch was guarded by the youth armed with a semi-automatic weapon; the back porch was enclosed by a fence which extended the length of the apartment building, making it accessible only by going to the end of the building and cutting through an adjoining apartment. The cocaine found on the ground and on the gas meter was within a few feet of where appellant was standing when the agents entered the apartment. Generally, the equal access rule applies "to areas which are open, notorious and easily accessible to other persons." *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992). The evidence does not support appellant's argument that the areas where the cocaine was found were equally accessible to other persons. Accordingly, we find no merit to appellant's enumerations of error.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 11, 1993.

*Knight & Marlowe, John W. Knight, Terry J. Marlowe*, for appellant.

*Britt R. Priddy, District Attorney, Nancy G. Grigg, Assistant*

*District Attorney*, for appellee.