## A96A2309. LOWE v. THE STATE.
### (477 SE2d 341)

ELDRIDGE, Judge.

Appellant was indicted on June 15, 1994, along with two co-defendants, Eric Lamar Stovall and Don Carlos Johnson, for trafficking in cocaine and possession of a firearm during the commission of a felony. Appellant was convicted on January 31, 1995, along with the co-defendants, of trafficking in cocaine. Appellant was sentenced on January 31, 1995. Although appellant stated in open court that he wanted appointed counsel to appeal, no appeal was filed. The trial court granted an out-of-time right to appeal and allowed an extraordinary motion for new trial to be filed. The motion for new trial was denied on April 16, 1996, and the order entered on May 21, 1996. A notice of appeal was filed on June 3, 1996. On July 15, 1996, the notice of appeal was amended to include the granting of a new trial and the entering of an acquittal to the co-defendant, Don Carlos Johnson.

Appellant filed no transcript and refers to the transcript of the co-defendant Eric Lamar Stovall filed with this Court pursuant to Stovall's appeal on this case, *Stovall v. State,* 219 Ga. App. XXX (1995) (unpublished opinion).

On December 29, 1993, Detective M. C. Cox of the Forest Park Police Department observed Eric Lamar Stovall driving a green Honda Accord on Springdale Road as part of an ongoing investigation of Stovall; the next day, Cox again observed Stovall on Springdale Road driving the same car with appellant and Don Carlos Johnson as passengers. Cox, along with other officers, stopped Stovall. Don Carlos Johnson was seated in the right front passenger seat, while appellant sat behind him on the right side of the car. All occupants were removed from the vehicle and a small paper sack, which was open, was found on the floor. The sack contained several small baggies, as well as a large rock, of crack cocaine. Detective Moorefield, when removing Johnson from the front seat, saw the bag on the floor behind the driver's seat, next to where appellant's feet had been. Upon searching, appellant had over $600 in cash, while Stovall had over $2,000 in cash. A loaded Glock 9mm handgun was partially hidden under the driver's seat and eight rounds of .45 ACP ammunition were found in the glove compartment, but no .45 caliber pistol was recovered. Immediately prior to the stop, no occupant was seen making any sudden movement or throwing anything into the backseat of the vehicle.

At trial, appellant made a timely motion for directed verdict, which was denied. The jury returned a conviction of trafficking in cocaine against all three defendants who were in the motor vehicle.

The appellant's enumerations of error are both based upon the

same standard, since the failure to grant a directed verdict and failure to grant a new trial on the sufficiency of the evidence both involve the same analysis under *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Appellant contends that he was not shown to be in constructive possession of the drugs, which were lying at his feet in the backseat behind the driver, and that the $600 found on his person did not implicate him as a party to the crime of trafficking. The jury found all three occupants guilty beyond a reasonable doubt of trafficking in cocaine, which means that the jury found them all guilty of joint constructive possession of the drugs. The trial court denied motions for new trial to both appellant and Stovall but granted a new trial and entered an acquittal as to Johnson.

This Court in *Blaise v. State*, 185 Ga. App. 653, 654 (365 SE2d 499) (1988), held: "[a]ppellant argues that mere presence in the vicinity of contraband, without more, does not establish possession, and there must be a showing of constructive possession by appellant other than mere spatial proximity. While we agree with those principles of law, they are inapplicable here. Possession may be joint or exclusive, and actual or constructive. *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985). . . . Such evidence would authorize a finding that appellant and his co-defendants had equal access to the cocaine and were in joint constructive possession of the drug. Id. By showing circumstantially that the three defendants had equal access to the cocaine, the evidence established that the defendants were parties to the crime, and thus, guilty of joint constructive possession of the cocaine. *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984). Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, [supra]. Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987)." See also *Ancrum v. State*, 197 Ga. App. 819, 821 (399 SE2d 574) (1990); *Lance v. State*, 191 Ga. App. 701, 703 (382 SE2d 726) (1989); *Bruce v. State*, 191 Ga. App. 580, 582 (382 SE2d 367) (1989); *Patterson v. State*, 187 Ga. App. 406, 409 (370 SE2d 500) (1988); *Mendez v. State*, 185 Ga. App. 1 (1) (363 SE2d 262) (1987).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 11, 1996 — ▆▆▆▆▆▆▆▆▆▆▆

*Alfred L. King, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant*

*District Attorney*, for appellee.

