A97A2496. SAVAGE v. THE STATE.
(494 SE2d 359)

RUFFIN, Judge.

A jury found Terrance Savage guilty of first-degree arson. Savage appeals, arguing that the circumstantial evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. For reasons which follow, we affirm.

"The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. [307], 319-320 [(99 SC 2781, 61 LE2d 560) (1979)]." *Gable v. State*, 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996). Viewed in this light, the evidence shows that Savage was involved in a nubile relationship with Lavivian Bridges for over three years. The couple lived in Bridges' apartment with her four children during this time. Bridges, however, decided to end the relationship, so while Savage

was at work, she gathered his things, placed them in garbage bags, and placed them outside of her apartment. Bridges and her children then went to a friend's house. When Bridges returned home later that evening, she discovered her apartment building in flames. The fire department later determined that Bridges' apartment was intentionally set on fire.

At trial, the fire department captain who investigated the fire first observed that Bridges' apartment was "heavily damaged with fire and smoke." The fire investigator identified three areas of interest within that apartment — the living room, the master bedroom, and the hallway — because those rooms were extremely damaged by fire. He also noticed a "pour pattern[,]" which occurs when "some type of liquid has been poured out on [a] floor covering, [such as carpet], and during the fire, it lights off and burns," in the hallway, living room, and bedroom. The pour pattern in the hallway was eight to ten feet long and approximately 24 inches wide.

Those areas also had a strong odor of gasoline, so the fire investigator took carpet samples from where he found the pour patterns to the State Crime Lab. An expert witness from the State Crime Lab confirmed that the carpet samples contained gasoline, and that no other chemicals, such as those contained in cologne, could be confused with the chemical composition of gasoline. The fire investigator did not find any evidence that accidental causes such as a carelessly laid cigarette, matches or a malfunctioning furnace started the fire. Based on his investigation, the fire investigator concluded that the fire was caused when "some type of flammable or combustible liquid was poured out and set on fire."

When Bridges testified, she told the jury that her apartment was in good condition when she and her children left that afternoon. She stated that there was no gasoline stored in her apartment, only charcoal lighter fluid that was stored in the kitchen. Bridges further testified that when she returned to her apartment on the night of the fire, she saw Savage standing outside of her apartment. Because Savage appeared upset, Bridges kept driving and left the apartment complex. When she returned approximately ten minutes later, the building was on fire. After the fire, Bridges spotted a gasoline can near a creek behind her apartment.

A neighbor in the apartment complex, Linnie Boyd, testified that on the day of the fire, he saw Savage leave the apartment building, walk behind it, and then return upstairs toward Bridges' apartment. In addition, Boyd noticed that Savage was acting "real fidgety and sweating a little bit." Boyd asked Savage what was happening when he saw smoke coming from one of the apartments, and Savage responded that the apartment was on fire. Boyd therefore called the

police department and alerted other people in the building about the smoke.

Another State witness, Clarence Swint, told the jury about a conversation he and Savage had on the night of the fire. Savage called Swint and told him that "he had fucked up." According to Swint, Savage appeared nervous and told him he was angry that Bridges had put his clothes outside. Savage also thought that Bridges might reconcile with her ex-husband. Swint also testified, "[Savage] made a couple of statements to me that I can recollect . . . he said he was shaving and had been drinking, and somehow the fire started, and he tried to put it out, and he couldn't put it out, so he ran." Swint encouraged Savage to talk to the police and "tell them you made a mistake or whatever, and [Savage] agreed to do that. . . ."

Savage testified in his defense. He stated that he found his clothing outside of the apartment when he returned home from work on the evening of the fire. Bridges and the children were not at home. Although he and Bridges had had a misunderstanding the previous evening, they had not argued that day, so Savage did not expect to find his belongings outside when he returned from work. Savage brought his things back inside, smoked a cigarette, two marijuana cigarettes, and began drinking a fifth of Canadian Club while he waited for Bridges to return to discuss their situation. After Savage finished the fifth of liquor and shaved, he passed out. According to Savage, he awoke to the smell of smoke and discovered the fire in the living room. He tried to put the fire out, but did not call the fire department, although there were three telephones in the apartment. Savage stated that during his attempts to extinguish the fire, he went outside for air, which is when he saw his neighbor, Boyd.

Savage testified that he did not call the fire department because Boyd told him that he would call. Savage also said, "If I could put out the fire, the Fire Department wouldn't have been called or anything, and I could say, hey, the place caught on fire, and I put out the fire. . . . I was just going to tell [Bridges] that, that I didn't have to call no Fire Department or anything, that the place caught on fire, and I just put it out." But, when Savage could not extinguish the fire, he panicked and went to call Swint. According to Savage, he told Swint, "I'm fucked up[,]" rather than "I fucked up." Savage further testified that he lost all of his possessions in the fire, he did not receive any insurance money as a result of the fire, and he did not benefit from the fire. Finally, Savage told the jury that he had no knowledge of how gasoline got into the apartment, and that he did not deliberately set the fire.

Savage argues on appeal that this evidence was not sufficient to support his conviction of first-degree arson because it was wholly circumstantial and did not exclude every reasonable hypothesis save

that of his guilt. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Nevertheless, " '[a]lthough the circumstantial evidence must exclude every other *reasonable* hypothesis save (defendant's) guilt, it need not exclude every inference or hypothesis. (Cit.)' " (Emphasis supplied.) *Harris v. State*, 223 Ga. App. 661, 663 (478 SE2d 458) (1996). " '[I]f the evidence meets this test, circumstantial evidence is as probative as direct evidence. Whether this burden has been met is a question for the jury. When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law.' [Cit.]" Id. at 661-662.

The facts in this case exclude every other reasonable hypothesis. Nobody other than the defendant was present when the fire began. The State presented uncontroverted evidence that there were pour patterns containing gasoline found on the carpet in the three separate areas which were heavily damaged by fire. In addition, the fire captain who investigated the fire testified that the fire was intentionally set. These facts exclude the reasonable hypotheses that someone else started the fire or that the fire began accidentally. Thus, based on this record, we conclude that there was ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Savage committed first-degree arson.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 25, 1997.

*Paul J. McCord*, for appellant.
*J. Tom Morgan, District Attorney, Anne Long, Priscilla N. Carroll, Assistant District Attorneys*, for appellee.