## A98A1172. DIGGS v. THE STATE.
(506 SE2d 683)

Judge Harold R. Banke.

Michael Diggs was convicted of trafficking in cocaine, possession of marijuana with intent to distribute and possession of more than one ounce of marijuana. In his sole enumeration of error, he challenges the sufficiency of the evidence.

This case arose after Diggs' mother-in-law consented to a search of her residence. In a locked shed behind her house, law enforcement officers discovered a camcorder bag containing bags of marijuana and a set of electronic scales.[1] An expert subsequently identified two latent fingerprints found on the nine-volt battery in the scales as Diggs'. The officers found more marijuana and two bricks of cocaine in Diggs' mother-in-law's bedroom.

The next day, the officers obtained a warrant and searched Diggs' home. They found a small bag of marijuana near the stoop of his back door. In some woods behind the house, they discovered a small green tote bag holding 15 bags of marijuana. Hanging in a nearby tree, they located a plastic grocery bag containing marijuana. Inside Diggs' house the officers found a sheet of paper with some notes indicating ounces, pounds, names and currency. They also discovered some luggage similar to that found at the mother-in-law's house, including a camcorder bag like the one containing marijuana, but no drugs.

When the police entered Diggs' residence, they set off the alarm. During the search, Mrs. Diggs, Diggs' wife and co-defendant, arrived home to check on it. Shortly after the officers explained what they were doing and arrested her, Mrs. Diggs predicted that her fingerprints would be on the cocaine discovered at her mother's home. No identifiable prints were found.

Days later, the officers arrested Diggs. At the time, he claimed he had been out of town for several weeks. *Held*:

Diggs maintains that the evidence was insufficient to sustain his convictions. We agree. The evidence, which was entirely circumstantial, simply does not exclude every other hypothesis save guilt. *Savage v. State*, 229 Ga. App. 560, 563 (494 SE2d 359) (1997).

No direct evidence ties Diggs to the drugs found at his mother-in-law's house or the marijuana found outside his own. But the State asserts that the following circumstantial evidence is sufficient to support Diggs' convictions: (1) Diggs' two fingerprints found on the nine-volt battery in the scales in the marijuana-filled camcorder bag in Diggs' mother-in-law's shed; (2) Diggs' familial relationship with

---

[1] The record shows that the mother-in-law had the key and unlocked the door for the investigators.

his mother-in-law; (3) his wife's admission that her prints could be on the cocaine; (4) the paper found at the Diggs' residence referring to ounces, pounds and currency; (5) Diggs' attempt to have his brother take responsibility for the drugs; (6) Diggs' deceptive claim that he had been out of town when the bust occurred; and (7) the camcorder bag found behind Diggs' house matched the bag containing marijuana found in Diggs' mother-in-law's shed.

To warrant a conviction based solely on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis. *Savage*, 229 Ga. App. at 563. Having read and considered the record, we cannot say the evidence presented satisfied that standard. The cocaine was found in Diggs' mother-in-law's bedroom. The State presented no evidence connecting Diggs to that room, to residence in the household, or to the contraband. See *Love v. State*, 227 Ga. App. 772, 773 (490 SE2d 527) (1997). Absent a showing that Diggs exercised dominion or control over the cocaine, we must reverse the trafficking conviction. *Moody v. State,* 232 Ga. App. 499, 501 (1) (502 SE2d 323) (1998).

The fingerprint evidence makes review of the distribution conviction a closer case. However, this circumstantial evidence is the only proof tying Diggs to the marijuana found in his mother-in-law's shed. This marijuana was not found on Diggs' own property or in proximity to his person, no prior transactions were admitted, and no contraband, paraphernalia or large amounts of cash were found in his residence or under his control. See *Jordan v. State*, 225 Ga. App. 424, 425 (484 SE2d 60) (1997). With nothing tying Diggs to this contraband besides two fingerprints on a battery which could have been left in a situation unrelated to drugs, we cannot say that the evidence is sufficient to support the conviction. *Savage*, 229 Ga. App. at 563. Although deciding whether the evidence excludes every other reasonable hypothesis except guilt is generally a jury question, the verdict must not blind us when a reasonable hypothesis of innocence appears from the evidence or lack of it. *Jordan*, 225 Ga. App. at 426. When, as here, the evidence does not meet that standard, we must declare such as a matter of law. Id.

It is elementary that mere spatial proximity to contraband, without more, will not support a finding of constructive possession. *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998). Thus, we must conclude that the evidence is insufficient to sustain the possession charge. It is undisputed that over 12 ounces of marijuana was found in the woods behind Diggs' home. But this unfenced space was being cleared for construction, and according to the lead investigator's testimony, many people had unlimited access to it. Although an investigator testified that footprints led from Diggs' patio to the tote

bag containing marijuana, the State presented no testimony linking those footprints to Diggs. In fact, a police witness admitted that no measurements or tests were performed on the footprints, and the record showed that Diggs lived at that location with his wife and, until recently, a man named James Moore who was charged with a drug violation in another county. Further, the State presented no evidence showing that Diggs wrote, controlled or even handled the memo referring to ounces, pounds, names and currency found in his home. Nor did the State offer proof that tied Diggs to the bag of marijuana found in the unfenced patio area behind his house. Absent some evidence actually connecting Diggs to the contraband, we must reverse. Id.; *Greene v. State*, 230 Ga. App. 155, 156 (2) (495 SE2d 634) (1998).

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1998.

*Ronald E. Harrison II*, for appellant.

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.