## A99A0592. COOPER v. THE STATE.
(517 SE2d 85)

Judge Harold R. Banke.

Found in a house full of illegal drugs and related paraphernalia, Keith Cooper was convicted of cocaine trafficking and possessing marijuana with intent to distribute. He claims his convictions cannot stand for three reasons: (i) the suspected cocaine found in the kitchen was not tested; (ii) no evidence linked Cooper to the cocaine found in the pocket of a jacket hanging in co-indictee Hurt's closet or to the marijuana found in the bedroom of co-indictee Braswell; and (iii) constructive possession of contraband cannot rest upon mere proximity to the contraband.

After observing activities consistent with illegal drug sales at a house, an undercover officer on November 12, 1997 approached and witnessed a sale of apparent marijuana to the two persons in line ahead of him. He observed various men in the kitchen cutting up and packaging suspected cocaine from a pile on a table. He purchased some of the suspected cocaine from the men and it field tested positive for cocaine. He later identified the man who handed him the cocaine as Cooper.

Police obtained a search warrant and on November 14 found cocaine, marijuana, scales, razor blades, plastic baggies, packing tape, currency, walkie-talkies, and an arsenal of guns and ammunition in plain view throughout the residence. The primary stash of marijuana was found in the bedroom of Braswell and large amounts of suspected cocaine were found on the kitchen table and in the pocket of a coat hanging in Hurt's bedroom closet. The crime lab tested and confirmed the substances found in the coat pocket and in the bedroom as cocaine and marijuana respectively, but did not test the suspected cocaine found in the kitchen.

During the search, police found Cooper, Braswell, Hurt, and five others in the residence. Cooper and another were hiding in the closet of the hallway bathroom, where police found numerous small bags of cocaine in a larger bag also containing a prescription bottle with Cooper's name on it. All eight were arrested and charged with cocaine trafficking and marijuana selling. *Held*:

1. Citing *Johnson v. State*, 205 Ga. App. 760 (423 SE2d 702) (1992), Cooper contends his conviction for cocaine trafficking cannot stand due to the State's failure to test the suspected cocaine found in the kitchen. He points to the crime lab technician's testimony that

the untested substances looked a little different and thus she could not confirm they were cocaine.

The crime lab did confirm the substance found in the coat pocket as weighing 149 grams and as containing 73 percent cocaine. The bags of cocaine found in the bathroom also tested positive and cumulatively weighed one gram. Braswell testified that Hurt headed the cocaine trafficking operation and that Cooper actively participated by cutting, packaging, and selling cocaine. The undercover officer purchased cocaine from Cooper at the residence only two days earlier. Regardless of whether the substances found in the kitchen on the search warrant date were confirmed as cocaine, Cooper's aiding and abetting Hurt's trafficking operation at the house linked Cooper to the cache of 149 grams of cocaine found in Hurt's bedroom. See OCGA § 16-2-20; *Green v. State*, 187 Ga. App. 373, 374-375 (2) (370 SE2d 348) (1988). His pill bottle linked him to the 19 small bags of cocaine found in the bathroom. This evidence supported the cocaine trafficking conviction of Cooper.

2. Cooper claims the convictions cannot stand because mere spatial proximity alone is insufficient to prove possession of contraband. See *Diggs v. State*, 234 Ga. App. 335, 336 (506 SE2d 683) (1998) ("[i]t is elementary that mere spatial proximity to contraband, without more, will not support a finding of constructive possession").

Nineteen small bags of cocaine in a container with Cooper's pill bottle were found in the same bathroom as Cooper, and cocaine and marijuana were found throughout the house where Cooper was found. True, mere presence in the vicinity of contraband alone does not establish constructive possession. But possession may be joint or exclusive. *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996). Proving joint constructive possession requires only a showing the defendant had the power and intent to exercise control over the contraband. *Moody v. State*, 232 Ga. App. 499, 501-502 (1) (502 SE2d 323) (1998). At least four items of evidence establish this: (a) the presence of large amounts of drugs, guns, and drug selling paraphernalia in plain view; (b) Cooper's pill bottle in the same bag as 19 packages of cocaine; (c) testimony that no one was allowed in the house who was not part of the drug selling operation; and (d) Cooper's attempt to hide from police. See id.

Moreover, while mere presence in a house full of drugs is alone insufficient to convict an accused of being a party to trafficking, "the testimony of an accomplice tending to connect the accused to the crime will support a jury's verdict if supported by slight evidence, which may be circumstantial. [Cits.]" *Leonard v. State*, 228 Ga. App. 792, 797 (3) (492 SE2d 747) (1997); see OCGA § 24-4-8 (accomplice testimony must be supported by some other evidence). Braswell's and the undercover officer's testimony, supported by the circumstantial

evidence cited above, linked Cooper directly to the cocaine operation. The officer also testified that Cooper sold marijuana obtained from Braswell's bedroom. The evidence supported both convictions. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Citing the "equal access" doctrine (*Griggs v. State*, 198 Ga. App. 522, 523 (402 SE2d 118) (1991)), Cooper argues that because he and the other defendants had equal access to the drugs, the jury could not convict him of having exclusive possession of the drugs. But exclusive possession was not required for a conviction; joint constructive possession sufficed. Rather than disproving the crime, equal access to the drugs proved joint constructive possession of the contraband. *Lowe*, supra, 223 Ga. App. at 173 (affirming trafficking conviction); *Love v. State*, 227 Ga. App. 772, 773 (490 SE2d 527) (1997) (affirming possession conviction).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 29, 1999.

*Vincent C. Crawford, Maurice G. Kenner*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.