A99A1423. FUENTES v. THE STATE.
(521 SE2d 698)

RUFFIN, Judge.

A Lowndes County jury found Ceasar Fuentes guilty of burglary. In two enumerations of error, Fuentes challenges the sufficiency of the evidence. We affirm.

On appeal, this Court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *London v. State*, 235 Ga. App. 30, 31 (508 SE2d 247) (1998). We neither weigh the evidence nor assess the credibility of witnesses, but merely determine whether the evidence was sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *London*, supra.

The evidence establishes that at approximately 10:30 p.m. on

July 10, 1997, a Lowndes County deputy sheriff saw a white van parked next to the loading dock at the back of a Ruff Hewn store. Realizing that there was a burglary in progress, the deputy called for backup. As the deputy exited his car, he saw two individuals run from the loading dock into the store. When a second law enforcement officer arrived, the two officers entered the store. The officers were unable to find the suspects, who apparently had fled through another door that had been forcibly opened. The officers inventoried the abandoned van, which contained approximately $77,000 worth of Ruff Hewn merchandise. Law enforcement officers subsequently learned that the van was registered to Alexi Monteagudo.

At approximately 10:40 p.m., James Fowler, a clerk at the Days Inn motel situated approximately 2,100 feet away from the Ruff Hewn store, saw two men walk by the motel pool. The two men, whom Fowler described as "hot and sweaty and out of breath," entered the motel and walked to the front desk. At 10:44 p.m., the two men checked into the motel. According to the registration information, one of the men was Ceasar Fuentes.

At 9:46 the next morning, a man named Ceasar Fuentes checked into a Travelodge motel. The manager on duty testified that he was suspicious of Fuentes because he had no visible means of transportation and carried no luggage. According to the manager, it is "very rare" for people to arrive at the motel with no visible means of transportation. The manager called the Sheriff's Department, and several law enforcement officers arrived at the motel at approximately 10:30 a.m.

Shortly thereafter, Fuentes exited the motel with another man, Ernesto Romero, and the two were stopped by Detective Jimmy Blanton. Blanton was then joined by Officer William Jones, who is fluent in Spanish. Fuentes told Jones that he and Romero had been stranded by friends, and that they were waiting for his wife to arrive from Miami to pick them up. Fuentes was unable to tell Jones the names of his friends, but said that they had been in a van. Jones asked Fuentes for permission to search his hotel room, and Fuentes consented. According to Jones, Fuentes appeared nervous and was shaking as he attempted to insert the key card into the motel room door. When Jones and Blanton entered the room, they found two other men who were identified as Victor Lopez and Alexi Monteagudo — the owner of the van abandoned at the scene of the burglary. The four men were placed under arrest.

After reading Monteagudo his *Miranda* rights, Jones and Detective Wanda Temples questioned him about his van. Monteagudo said his van had been stolen. However, the police had not received any reports of a stolen van. Monteagudo claimed that when he checked into the motel at 10:45 p.m. the night before, he still had the van

with him. Jones asked Monteagudo how the van could have been with him when, at the time he checked in, the deputies had found the van at the scene of the burglary. At that point, Monteagudo refused to answer additional questions and requested an attorney. At the Sheriff's Department, Jones overheard Lopez, in Spanish, tell the other three suspects "not to say anything" and "that they would talk later."

All four men were tried for burglary. At trial, the State introduced evidence that Fuentes' fingerprints were found on the van. Romero's fingerprints also were found on the van and on one of the Ruff Hewn boxes. The jury convicted Fuentes, Romero and Monteagudo of burglary, but acquitted Lopez.

This evidence was sufficient to support the jury's determination that Fuentes burglarized the Ruff Hewn store. *Duke v. State*, 176 Ga. App. 125, 126-127 (1) (335 SE2d 400) (1985). Although Fuentes asserts that the only evidence linking him to the crime scene was his fingerprint on the van door, this assertion is inaccurate. The evidence also showed that: (1) two men were seen fleeing from the Ruff Hewn store; (2) within minutes of the burglary, two men checked into a motel near the crime scene; (3) one of the men was named Ceasar Fuentes; (4) the two men were sweaty and out of breath; (5) the two men lacked any visible means of transportation; and (6) Fuentes subsequently was found in the company of Monteagudo — the owner of the van left at the scene of the crime. Under these circumstances, the jury could have concluded that Fuentes participated in the burglary of the Ruff Hewn store, and that he fled on foot to the motel when the sheriff's deputy arrived. Thus, the evidence authorized Fuentes' conviction for burglary. See *Grabowski v. State*, 234 Ga. App. 222, 224 (1) (507 SE2d 472) (1998); *Etheridge v. State*, 228 Ga. App. 788, 789 (1) (492 SE2d 755) (1997).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 18, 1999.

*William R. Folsom*, for appellant.

*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.

