## A00A0976. REED v. THE STATE.
(534 SE2d 871)

BLACKBURN, Presiding Judge.

Following a jury trial, Anthony Bernard Reed appeals his conviction of possession of cocaine contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

[O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses [are] a matter of credibility for the jury to resolve.

(Punctuation omitted.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to the verdict, the evidence reveals that Reed was sitting in the passenger seat of a vehicle that was backed into a residential driveway. Three other individuals were also in the car. As the officer approached the vehicle, he saw Reed reach down to the floorboard of the car twice. The officer did not observe any other passenger in the vehicle reach down to the floorboard of the vehicle. After the officer asked to talk to the individuals in the car, Reed exited the vehicle with a small plastic bag containing marijuana in his hand. The officer looked inside the car and saw a small clear plastic bag containing crack cocaine on the right front floorboard of the car where Reed had been sitting. Reed also had a small brown cigar which had been used as a "blunt" to smoke marijuana. Reed admitted that the marijuana was his. The passenger who was sitting in the back seat behind Reed claimed ownership of the cocaine. That passenger testified that he had kicked the cocaine under the front seat as the officers arrived. The same passenger also testified that he pled guilty to possession of the cocaine in juvenile court.

[Reed] argues that mere presence in the vicinity of contraband, without more, does not establish possession, and there must be a showing of constructive possession by [Reed] other than mere spatial proximity. While we agree with those principles of law, they are inapplicable here. Possession may be joint or exclusive, and actual or constructive. *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985). Such evidence would authorize a finding that [Reed

and the other passengers] had equal access to the cocaine and were in joint constructive possession of the drug. Id. By showing circumstantially that the [passengers] had equal access to the cocaine, the evidence established that [Reed and the other passengers] were parties to the crime, and thus, guilty of joint constructive possession of the cocaine. *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984). Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, supra.

(Punctuation omitted.) *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996).

In the present case, the cocaine was found on the floorboard of the front passenger seat, literally at Reed's feet. The officer testified regarding Reed's furtive movements and to the fact that the other passengers made no such movements. Furthermore, the jury is authorized to believe or disbelieve all or any part of the testimony of witnesses. *Storey v. State*, 205 Ga. App. 610, 611 (1) (422 SE2d 879) (1992). The evidence was sufficient to establish constructive joint possession. See *Blaise v. State*, 185 Ga. App. 653 (1) (365 SE2d 499) (1987). Evidence has been found sufficient where the drugs were both in the vicinity of and visible to the defendant. See *Lowe v. State*, 223 Ga. App. 172 (477 SE2d 341) (1996); *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991); *Chitwood v. State*, 166 Ga. App. 62 (1) (303 SE2d 307) (1983).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 22, 2000.

*Harold M. Walker, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, E. Paul Stanley, Assistant District Attorney*, for appellee.