## A00A1669. JOHNSON v. THE STATE.
### (538 SE2d 481)

MILLER, Judge.

Travis Johnson and his sister were convicted of possessing cocaine in violation of OCGA § 16-13-30 (a). Johnson appeals, argu-

---

ing the sufficiency of the evidence. Since there is no evidence which connects Johnson to the cocaine found in his sister's residence, we reverse.

When a defendant challenges the sufficiency of the evidence for his criminal conviction, we construe the evidence in favor of the verdict to determine whether a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the charged crime.[1] Here the evidence showed that on the day in question police three times saw Johnson outside his sister's residence — once beside the apartment house, once on the apartment's porch with another person, and once in a crowd of 15 or more people gathered around a grill outside the apartment for a cookout. When police executed a search warrant for drugs in the apartment, the only person they found in the apartment was the sister.

During their search they discovered three bedrooms: one which they described as a junk or storage room, one which they determined to be the sister's bedroom, and one which they described as a children's bedroom (because of toys and bunk beds). The testifying officer stated they were not able to determine who slept in the apparent children's bedroom, although the sister had her two or three children living with her at the residence. In this third bedroom police discovered three rocks of cocaine hidden in a portable cassette radio player. In the residence's only bathroom they also found a matchbox containing cocaine residue.

The State presented no evidence that Johnson resided with the sister; in fact the evidence was uncontradicted that Johnson did not reside with her but resided elsewhere, and only occasionally spent the night at this apartment. A witness testified only that Johnson had been at the apartment "in days prior" to the search.

Mere presence at the time and place a crime is committed is insufficient to sustain a conviction.[2] The State must provide evidence of a connection linking the defendant to the contraband other than his mere spatial proximity.[3] *Carthern v. State*[4] defined that connection as follows:

> A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Reese v. State*, 157 Ga. 766 (122 SE 195) (1924); *Sweat v. State*, 119 Ga. App. 646 (1) (168 SE2d 654) (1969).

[3] *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998).

[4] 238 Ga. App. 670, 672 (2) (519 SE2d 490) (1999) (quoting *Morris v. State*, 161 Ga. App. 141, 143-144 (5) (288 SE2d 102) (1982)).

control in others. Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that he possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law.

Evidence merely showing that contraband was found in a residence occupied by the defendant is simply insufficient to support a conviction, especially where other persons had equal access to the contraband and therefore an equal opportunity to commit the offense.[5] Here the evidence showed that others were present at the residence, and that at most Johnson was a mere temporary occupant of the premises, with no evidence showing he had any control over the premises or that he had any connection to the rooms where the cocaine was found.[6] Evidence of occasional or even frequent visits to a residence cannot alone constitute occupying and controlling the residence.[7] The presence of the children at the residence and the indications the room was occupied by children further distance Johnson from the bedroom in which the cocaine rocks were found. The State points to a cap found near the cassette player as evidence linking Johnson to the cocaine, but no evidence linked the cap to Johnson.[8] Nor is there evidence showing Johnson had control over the bathroom where the matchbox was found.

Moreover, because no evidence showed Johnson was in actual possession of the cocaine, the State relied upon circumstantial evidence to show constructive possession. To sustain a conviction based on circumstantial evidence the proved facts must not only be consistent with the hypothesis of guilt, but must also exclude every other reasonable hypothesis.[9] Here evidence showed that Johnson and several other people were outside the apartment the day the drugs were found, and that the drugs were found in a bedroom obviously occupied by the sister's children. No evidence linked Johnson to the three

---

[5] *Ellison v. State*, 233 Ga. App. 637, 639 (2) (504 SE2d 779) (1998).

[6] See *Francis*, supra, 231 Ga. App. at 113 (1) (no evidence connected defendant to bedroom where marijuana was found).

[7] *Morrison v. State*, 220 Ga. App. 151, 153 (1) (469 SE2d 686) (1996).

[8] See *Diggs v. State*, 234 Ga. App. 335, 336-337 (506 SE2d 683) (1998) (State presented no evidence linking defendant to footprints found near drugs).

[9] OCGA § 24-4-6; *Ellison*, supra, 233 Ga. App. at 639 (2); accord *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788) (1995).

rocks of cocaine,[10] to the matchbox,[11] or to the bedroom or bathroom in which these were found; thus, the evidence did not exclude the hypotheses that the drugs belonged to the sister, or to the children, or to any of the others present at the apartment.[12] Under OCGA § 24-4-6, the conviction cannot stand.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 17, 2000.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[10] *Ridgeway v. State*, 187 Ga. App. 381, 382 (370 SE2d 216) (1988) (no evidence linked defendant to the particular cocaine found in bedroom and kitchen).

[11] *Brookins v. State*, 202 Ga. App. 759-760 (415 SE2d 674) (1992) (whole court) (no evidence linking defendant to suitcase in which drugs were found).

[12] See *Diggs*, supra, 234 Ga. App. at 336 (State presented no evidence connecting defendant to room where drugs were found, to the residence, or to the contraband); *Paden*, supra, 216 Ga. App. at 190 (1) (evidence did not connect defendant to drugs where others also had access).