A00A2078. IN THE INTEREST OF D. G., a child.
(546 SE2d 359)

ANDREWS, Presiding Judge.

D. G. appeals from his adjudication and order of disposition as a delinquent child pursuant to three petitions[1] for acts which, if committed by an adult, would be party to the crime of aggravated assault, a designated felony (OCGA § 15-11-37 (b) (ii)). Pursuant to a separate petition, D. G. was charged with and adjudicated, pursuant to his admission, of an act which, if committed by an adult, would be obstruction of an officer. That disposition order is not the subject of this appeal.

1. D. G. challenges the sufficiency of the evidence regarding the two petitions of party to a crime of aggravated assault.

Viewed with all inferences in favor of the factfinder's decision, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was that, on July 29, 1999, V. C., T. B., and S. A. were sitting on a car on East Central Avenue in Griffin when another car drove by and shots were fired, wounding the three juveniles.

V. C. testified that he did not notice anything about any of the individuals in the car. T. B. testified that he was sitting on the car with V. C. when shot and all he saw was a "black car."

Griffin Officer Phillips was dispatched to the shooting. On the

---

[11] See *Morgan*, supra at 258.

[1] Only two of the three victims appeared for the adjudication hearing, and the third petition was dismissed.

way to the scene, Phillips was advised by radio that a small four-door blue and silver car for which there had been a lookout had been found at the dead end of Pine Street. He proceeded to Pine Street where he found a 1992 blue and silver Acura Integra with a window broken out, bullet casings in the backseat, and the motor still running. No one was in or near the car. The car was impounded, and a palm print identified as D. G.'s was lifted from the left door of the car.

D. G. was interviewed by the police regarding the shooting. Officers described the Acura to him and asked him if he had been at the shooting location, which he denied. The officers then asked D. G. "about the automobile, had he been in the automobile or know anything about it." D. G. adamantly denied having been in or around the car and, when advised that the car was being checked for prints, told the officers his prints would not be on it because he did not know anything about the shooting and was not there.

Shown a picture of the Acura, T. B. testified that it was not the car from which the shots had been fired on July 29. Brown, D. G.'s sister, identified the Acura as belonging to a woman who lived in the neighborhood. Usher, who claimed to have been with D. G. at D. G.'s sister's house on the evening of the shooting, identified the Acura as belonging to a man known as Billy Goat who lived across the street from him.

V. C. and T. B. testified that the day before this incident, they had been walking with another young man through the projects and saw D. G. come around the corner and start shooting. Although no gun was seen, two shots were fired in their general direction. D. G. was wearing a red bandanna on his hand, indicating gang membership.

D. G. argues, and we agree, that the evidence of his participation in the drive-by shooting was entirely circumstantial and did not exclude every other hypothesis save guilt. *Diggs v. State*, 234 Ga. App. 335 (506 SE2d 683) (1998).

> Where, as it appears here, fingerprint evidence is the sole evidence connecting a defendant with the crime [charged], the State is required " 'to prove to the exclusion of every reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed. (Cit.)' " [Cits.]

*Rivers v. State*, 271 Ga. 115, 117 (1) (516 SE2d 525) (1999).

Initially, one of the victims specifically denied that the Acura was the car used in the shooting. Further, the fact that this car belonged to someone in the neighborhood where D. G. lived provides alternate possibilities for the presence of his print on the car, even

assuming that it was the car used in the shooting.

Therefore, we conclude that the evidence of party to the crime of aggravated assault was legally insufficient. *Jackson*, supra; *Diggs*, supra; compare *Fuentes v. State*, 239 Ga. App. 672, 674 (521 SE2d 698) (1999) with *Barnett v. State*, 153 Ga. App. 430 (1) (265 SE2d 348) (1980).

2. Our conclusion in Division 1 renders moot consideration of the second enumeration regarding admission of the prior similar act.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 5, 2001.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney,* for appellee.