## A03A0529. DANIELS v. THE STATE.

(582 SE2d 4)

JOHNSON, Presiding Judge.

Dwight Daniels was indicted for possession of cocaine with intent to distribute, misdemeanor obstruction of an officer, and felony obstruction of an officer. The trial court directed a verdict of acquittal as to the "intent to distribute" aspect of the drug charge. The jury found Daniels guilty of possession of cocaine and misdemeanor obstruction of an officer, and not guilty of felony obstruction of an officer. Daniels appeals from the conviction entered on the verdict, challenging the sufficiency of the evidence to support the conviction for possession of cocaine. Specifically, he urges that he was merely present when the cocaine was found on the hood of a nearby truck, and that the evidence did not rule out the possibility that one of the other two people standing in the area placed the drugs there. We find that the evidence was sufficient, and therefore affirm the conviction.

In determining the sufficiency of the evidence in a criminal case, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the evidence to convict is sufficient; so long as there is some competent evidence, even though contradicted, to support each element of the state's case, the jury's verdict will be upheld.[2]

So viewed, the evidence shows that two police officers were on patrol in an area known for drug activity when they saw three men standing near a parked truck. The men turned around and looked at the approaching police car. One of the men, the one wearing a white shirt, turned and walked from the passenger's side of the truck to the

[1] *Rose v. State,* 258 Ga. App. 232, 233 (1) (573 SE2d 465) (2002).
[2] Id.

driver's side of the front of the truck; while doing so, he placed an object onto the hood of the truck. The other men did not move. As the officers got closer, one of the officers recognized the man in the white shirt as Daniels. That officer walked over to the truck and looked at the area of the truck's hood where he saw Daniels set an object down. The object was a purple bag. The officer picked up the bag and discovered that it contained two pieces of crack cocaine.

The officer directed his partner to arrest Daniels. As the officer attempted to make the arrest, Daniels shoved the officer in the chest and tried to flee. The officer managed to grab Daniels' shirt and wrestle him to the ground.

Daniels argues that he should not have been convicted based on his mere presence at the scene, since one of the other men present may have placed the bag of cocaine on the truck's hood. We are not persuaded by this argument.

It is true that mere presence at the time and place a crime is committed is insufficient to sustain a conviction.[3] The state must provide evidence of a connection linking the defendant to the contraband other than his mere spatial proximity.[4] And, merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had an equal opportunity to commit the crime.[5] For the equal access rule to rebut the inference that the defendant possessed the contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found.[6] Whether the evidence presented is sufficient to rebut the evidence of equal access is an issue for the jury.[7]

Here, there is evidence, other than proximity, linking Daniels to the cocaine and showing that the other men present did not have an equal opportunity to have possessed the cocaine. The officer testified that he saw Daniels look at the approaching officers and then place an object onto the hood of the truck, that the other two men did not move, that the object placed on the hood contained crack cocaine, and that Daniels tried to flee when the officer tried to arrest him. A rational trier of fact could have found from this evidence that Daniels was not merely in close proximity to the drugs, and that the other men in the area did not have an equal opportunity to place the

---

[3] *Johnson v. State*, 245 Ga. App. 583, 584 (538 SE2d 481) (2000).

[4] Id.

[5] *Swanger v. State*, 251 Ga. App. 182, 185 (1) (b) (554 SE2d 207) (2001).

[6] Id.

[7] Id.

cocaine on the hood of the truck. The jury was authorized to find Daniels guilty, beyond a reasonable doubt, of possessing cocaine.[8]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 16, 2003.

*Mark T. Phillips*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, James L. Prine II, Assistant District Attorneys*, for appellee.

---

[8] See generally *Edwards v. State*, 255 Ga. App. 269, 271 (2) (a) (565 SE2d 127) (2002); *Taylor v. State*, 209 Ga. App. 38, 39 (433 SE2d 87) (1993).