A04A0769. HOWARD v. THE STATE.
(599 SE2d 231)

RUFFIN, Presiding Judge.

After a jury found Christopher E. Howard guilty of one count of possessing cocaine with intent to distribute and one count of possessing marijuana,[1] the trial court sentenced Howard to 40 years, with 25 to serve. On appeal, Howard contends that the trial court erred in failing to conduct the presentence hearing in the presence of the jury as required by OCGA § 17-10-2 (c). Howard also asserts that he received ineffective assistance of trial counsel. For reasons that follow, we affirm.

Viewed in a light most favorable to the jury's verdict,[2] the evidence shows that Howard and Melissa Webster shared an apartment. On March 7, 2001, an undercover drug task force led by Agent Jay McIntyre used a confidential informant to purchase crack cocaine from someone inside the apartment. The informant did not testify, and no one was charged with selling the drugs to the informant.

After the drug sale, McIntyre obtained a warrant to search the apartment. On March 16, 2001, law enforcement officers entered the apartment and discovered marijuana stashed in various places throughout the apartment. The officers also found a safe, which contained over $4,000 and 71 rocks of crack cocaine.

During the search, Howard drove into the apartment complex and saw the law enforcement officers. Webster, who was a passenger in the car, told Howard, "somebody is in our house." The officers approached the car and ordered Howard to stop, but he continued driving and left the complex. According to Webster, while they were

---

[1] The trial court directed a verdict as to a second count of possessing cocaine.

[2] See *Daniels v. State*, 261 Ga. App. 5 (582 SE2d 4) (2003).

driving, Howard placed several rocks of crack cocaine in the front of her pants. When the car ultimately was stopped, Webster asked to speak to McIntyre, and she told him about the drugs that Howard had put in her pants.

Webster testified at trial and reiterated that Howard had put the drugs in her pants. With respect to the drugs found in the apartment, Webster testified that the marijuana belonged to both her and Howard, but that the crack cocaine belonged solely to Howard. Based on this and other evidence, the jury found Howard guilty of possessing cocaine with intent to distribute and possessing marijuana. Several weeks later, the trial court conducted a sentencing hearing after which it sentenced Howard to 40 years in prison, with 25 to serve.

1. On appeal, Howard argues that the trial court erred in failing to conduct a presentence hearing in accordance with OCGA § 17-10-2 (c). This Code section provides that

> [i]n all cases tried by a jury in which the death penalty or life without parole may be imposed, upon a return of a verdict of "guilty" by the jury, the court shall resume the trial and conduct a presentence hearing before the jury. . . . Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions, and the jury shall retire to determine whether any mitigating or aggravating circumstances, as defined in Code Section 17-10-30, exist and whether to recommend mercy for the defendant. Upon the findings of the jury, the judge shall fix a sentence within the limits prescribed by law.

Howard argues that because he had three prior felonies — two of them for drug offenses — he was eligible for a life sentence under OCGA § 16-13-30 (d). And, because he was a recidivist, he would not be eligible for parole.[3] Thus, Howard reasons, he faced a sentence of life without parole, and the trial court was required to have the jury participate in the presentence proceedings.

The State, on the other hand, argues that OCGA § 17-10-2 (c) applies only to those cases in which the death penalty may be sought. Pretermitting whether this Code section is limited to death penalty cases, we find that the trial court did not commit harmful error in sentencing Howard.

In order to warrant reversal, Howard must demonstrate harm as

---

[3] See OCGA § 17-10-7 (c).

well as error.[4] He is unable to do so. Under OCGA § 17-10-2 (c), a jury's sole function is to determine the existence of factors in mitigation or aggravation of sentencing. Based upon its factual findings, the jury may recommend mercy.[5] The judge, however, imposes the sentence.[6] Here, the judge sentenced Howard to less than the maximum life sentence.[7] Thus, the judge evidently determined that a life sentence was inappropriate and was merciful in sentencing Howard. Given this sentence, we fail to see how Howard was harmed.[8] It follows that this enumeration of error presents no basis for reversal.[9]

2. In two enumerations of error, Howard contends that he received ineffective assistance of counsel. In order to sustain such claim, Howard " 'must show that counsel's performance was deficient and that the deficient performance prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.' "[10]

(a) According to Howard, his attorney was ineffective in failing to object to the trial court's decision to conduct the presentence hearing without the jury. For reasons discussed in Division 1, however, Howard was not harmed by this, which precludes reversal on this basis.[11]

(b) Howard also argues that his counsel rendered ineffective assistance by failing to file a motion to reveal the identity of the confidential informant. Howard contends that, had the informant been subpoenaed to testify, he could have cross-examined the informant as to who actually sold the drugs. However, Howard was not charged with selling drugs to the informant. Thus, Howard's attorney believed that he would be unable to meet the burden necessary to compel disclosure of the informant and decided not to file such motion. Instead, Howard's attorney moved to exclude evidence of the controlled buy, and the trial court limited such evidence to the minimum necessary to explain the law enforcement officers' conduct in obtaining the search warrant.

Decisions regarding which witnesses to call, what motions to file, and other tactical decisions are within the province of the trial

---

[4] See Rubi v. State, 258 Ga. App. 815, 819 (4) (575 SE2d 719) (2002).

[5] See OCGA § 17-10-2 (c).

[6] See id.

[7] See OCGA § 16-13-30 (d).

[8] Indeed, we find this situation analogous to one in which the State waives both the death penalty and life imprisonment as potential punishment. Under such circumstances, our Supreme Court has held that a trial court does not err in dismissing the jury and sentencing a defendant. See Jessen v. State, 234 Ga. 791, 793-794 (4) (218 SE2d 52) (1975).

[9] See Rubi, supra; see also Daniel v. State, 262 Ga. App. 474, 475 (2) (585 SE2d 752) (2003).

[10] Zinnamon v. State, 261 Ga. App. 170, 173 (2) (582 SE2d 146) (2003).

[11] See Autry v. State, 250 Ga. App. 107, 108-109 (1) (549 SE2d 769) (2001).

attorney after consultation with his client.[12] Here, the attorney testified that he knowingly and consciously made the decision to forego filing a motion to compel disclosure of the confidential informant. Such tactical decision, even if unwise, generally does not amount to ineffective assistance.[13]

And, as Howard was not charged with selling the informant crack cocaine, the informant's role merely was to alert law enforcement to the presence of cocaine in the house. Under these circumstances, we fail to see how Howard was prejudiced by the attorney's failure to call the informant as a witness.[14] Moreover, any suggestion that the informant would have provided favorable testimony is mere speculation on Howard's part, which is insufficient to establish a claim of ineffective assistance.[15]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 5, 2004.

*John D. Thalhimer*, for appellant.
*Patrick H. Head, District Attorney, Andrew J. Saliba, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[12] See *Martin v. State*, 267 Ga. App. 28 (1) (598 SE2d 828) (2004).

[13] See *McMorris v. State*, 263 Ga. App. 630, 634 (2) (a) (588 SE2d 817) (2003).

[14] See *Baggs v. State*, 265 Ga. App. 282, 285 (3) (593 SE2d 734) (2004) (defendant not harmed by inability to cross-examine informant who alerted police to illegal activity).

[15] See *Turner v. State*, 253 Ga. App. 760, 763-764 (6) (560 SE2d 539) (2002).